[No. 7280.  Decided September 2, 1908.]

B. R. Kolbe, *Appellant*, v. Mary Kolbe, *Respondent*.[1]

Divorce—Division of Property.  Upon awarding a divorce to a husband on the ground of abandonment, the husband is liberally provided for in the division of the property, having regard to the respective merits of the parties, their condition, and the party through whom the property was acquired, as required by Bal. Code, § 5723, where it appears that at the time of their marriage, he was a young man in good health, able to work and worth $2,000, while the wife was considerably older and possessed of an estate worth $70,000; that she provided all his living expenses for five years, while he did nothing but look after investments, and the parties having separated, the husband was awarded an estate valued at $23,000 and the wife an estate ·valued at $92,000.

Appeal by plaintiff from a judgment of the superior court for King county, Joiner, J., entered November 1, 1907, upon findings by the court, after a trial on the merits before the court without a jury in consolidated actions, awarding a divorce to the plaintiff and making a division of the property in favor of the defendant.  Affirmed.

*Blaine, Tucker & Hyland*, for appellant.
*Bausman & Kelleher*, for respondent.

Crow, J.—Mary Kolbe, as plaintiff, commenced in the superior court of King county an action (No. 53549) against B. R. Kolbe, her husband, to quiet title to certain real estate which she claimed to be her separate property.  Afterwards B. R. Kolbe, as plaintiff, commenced an action (No. 58148) against his wife Mary Kolbe, for a divorce, in which he asked that the rights of the respective parties to the same real estate be adjudged, and that, upon the granting of a decree of divorce, an equitable division thereof be made.  By stipulation these actions were consolidated.  On their trial, one

[1]Reported in 97 Pac. 236.

decree was entered, granting a divorce to the husband on the ground of abandonment, and dividing the property. The husband B. R. Kolbe, being dissatisfied with the disposition of the property, has appealed from that portion of the decree.

In her action (No. 53549) respondent, Mary Kolbe, alleged her marriage to appellant in 1901; that prior thereto she had inherited, from her former husband in the state of Illinois, an estate of the appraised value of $100,000, of which she was seized at the date of her subsequent marriage to appellant; that reposing confidence in appellant, she had from time to time commissioned him to purchase real property for her in the city of Seattle and elsewhere; that in negotiating such purchases he caused a portion of the titles to be conveyed to respondent, a portion to respondent and appellant, and a portion to appellant alone; that he caused the deeds to himself to be so executed for the purpose of defrauding her out of her separate property rights; that he did so without her knowledge or consent; that he had kept her in ignorance of his actions in that regard, and that she was entitled to have all of such real estate adjudged and decreed to be her separate property. In the complaint in cause No. 58148 the appellant, after pleading an abandonment of himself by his wife, alleged that at the time of his marriage she had a separate estate valued at $100,000; that he was then possessed of about $3,000; that immediately preceding their marriage it was agreed between them, in consideration of such contemplated marriage, that he should handle and invest her money so as not to impair her capital; that all profits therefrom should become his separate property; that after their marriage they removed from the state of Illinois to the state of Washington, where a subsequent agreement was made, whereby appellant released and surrendered his right to invest and handle all of respondent's property; that in consideration thereof respondent agreed to advance money to appellant from time to time in an amount not to exceed $30,000, for investment in real estate which should become

appellant's separate property; that, in pursuance of such agreement, respondent advanced about $27,000, which appellant invested in certain real estate described in his complaint; that he also invested $1,600 of his own funds in the same real estate; that he had contributed all his time and attention for the period of five years, from the date of their marriage until their separation in 1906, to making and caring for such investments; that the respondent, Mary Kolbe, claimed the real estate so purchased to be her separate property, but that a large portion of it was his separate property.

The principal issue as to the real estate purchased was whether it was community property, the separate property of Mary Kolbe, or in part the separate property of B. R. Kolbe. The trial judge found that Mary Kolbe had from time to time advanced $38,840 in cash to appellant; that he had used $30,000 in purchasing various tracts of real estate mentioned in the pleadings; that the property so purchased had advanced $30,000 in value; that it was the separate property of Mary Kolbe; that after a separation of the parties, which occurred in 1906, B. R. Kolbe had acquired in his own name, spelled inversely, and describing himself as a bachelor (but with funds in which some money possessed by him before his marriage was intermingled with money belonging to the wife), certain tracts of land in King county, which became community property; that the value of such community property so purchased by the appellant subsequent to the separation was $3,000, and that no agreement was made by Mary Kolbe, either before or after her marriage to appellant, that any portion of her separate property should be invested by, and become the separate property of, her husband. Upon these and other findings not necessary to be here repeated, but all of which are sustained by the evidence, the trial judge granted the appellant B. R. Kolbe a decree of divorce, and awarded him real estate in King, Chehalis, and Jefferson counties, the total value of which, according to his own evi-

dence, was approximately $23,000. The remainder of all the property, both real estate and personal, of the total value of $92,000, was awarded to respondent.

Appellant first contends that the trial judge erred in finding and holding that the property purchased by him with funds advanced by his wife Mary Kolbe was her separate estate. We think this finding was sustained by the clear preponderance of the evidence. Appellant's principal contention is that a just and equitable division of the property has not been made. It is in support of this contention that he insists that a large portion of the real estate, purchased by him under his agreement with his wife, became his separate property. He also insists that he gave his entire time and attention for the period of five years to an investigation of real estate values, to making investments, and to caring for the same, and that he is entitled to a greater allowance than has been awarded to him by the trial judge. The evidence shows that, at the time of his marriage, which occurred in 1901, he was about thirty years of age, and possessed of about $2,000 in cash; that the respondent was then a widow, about fifteen years his senior; that she had a family of six or seven children; that appellant and respondent have no children; that respondent was possessed of an estate which she had inherited from her former husband, at a valuation of $100,-000, but that its actual value was only $70,000; that since his marriage appellant has earned only $300 as the result of his individual work; that aside from making investments for his wife, he has engaged in no occupation or employment; that he has been supported by respondent, she paying all living expenses, and that aside from a small portion of the $300 earned by him, and his services in making investments, he has contributed nothing whatever to the support of respondent or her family. As shown by appellant's own evidence, the real estate awarded to him is of the value of $23,000, while that awarded to respondent is of the value

of $71,000. True, the evidence further shows that respondent holds as separate personal property cash and securities to the value of $21,000, which were also awarded to her, making her a total apportionment of about $92,000, based on appellant's valuation.

Bal. Code, § 5723 (P. C. § 4637), provides that,

"In granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, . . ."

This section fixes no arbitrary rule to be followed in making a disposition of property in an action for divorce. Under its terms the method of division to be adopted must in each case rest within the sound discretion of the trial judge, who sees the parties, hears them testify, and is in a favorable position for observing and understanding their respective merits and needs. This court will not, upon review, interfere with a disposition of property in such an action unless it manifestly appears, from the entire record, that injustice has been done, or that the trial court has abused its discretion. After a careful examination of all the evidence, we are unable to conclude that any injustice has been done to appellant, or that the trial judge has abused his discretion in this action. When appellant married respondent, he was a young man of excellent education, of good health, able to work, and had about $2,000 in cash, while the respondent was seized of an estate of the value of $70,000. As a result of the decree of the trial court, he is now awarded an estate of the value of $23,000, while the respondent, who has for five years provided all his living expenses, is awarded an estate of the value of $92,000, and these values are based on appellant's evidence. Considering the respective merits of the parties, the condition in which they are left, and the party through whom

the property was originally acquired, we fail to see how the appellant has any just cause of complaint. From our view of the evidence and all the circumstances, we conclude that the trial judge has provided for the appellant in a most liberal manner.

The judgment is affirmed.

HADLEY, C. J., FULLERTON, and DUNBAR, JJ., concur.

MOUNT and ROOT, JJ., took no part.