[No. 21168.    Department Two.    August 13, 1928.]

CARRIE MALAN, *Appellant*, v. OLE MALAN, *Respondent.*[1]

[1] DIVORCE (9)—GROUNDS—ABANDONMENT—EVIDENCE—SUFFICIENCY. A technical abandonment, authorizing a divorce, is shown by the wife's refusal to move to, and live at, the husband's home, when his request therefore was not unusual.

[2] DIVORCE (8-2)—GROUNDS—NON-SUPPORT—EVIDENCE—SUFFICIENCY. Failure to support is not shown by proof that the husband was very close in financial matters, where the money he contributed, added to payments by adult children living at home, were sufficient under all the circumstances.

[3] DIVORCE (70)—DIVISION OF PROPERTY—STIPULATIONS AND AGREEMENTS OF PARTIES. Where elderly people, both with children by former marriages and separate means, were married late in life, and made a fair property settlement with full and complete understanding, the same should have great weight with the court on granting a divorce and determining the property rights.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered January 7, 1928, upon findings in favor of the defendant, granting a divorce, after a trial to the court. Affirmed.

*Williams & Davis,* for appellant.

*Newton & Newton,* for respondent.

[1]Reported in 269 Pac. 836.

ASKREN, J.—This appeal is from a decree of divorce in favor of the plaintiff husband. The facts, substantially, are as follows:

The parties were married in 1921. Both of them had previously been married, the respondent having five living adult children, and the appellant seven, three of whom were residing at her home. Immediately after their marriage, the respondent went to appellant's home to live and they resided there until March, 1926. The children paid board to their mother, and the respondent contributed $30 per month for 27 months, and thereafter $40 per month until the separation.

The separation arose partly over the demand of the husband that the wife remove from her home to one owned by him in order that they might live apart from the children, and partly over her demand that the allowance of $40 per month should be increased to $55. Within a couple of days after the separation, the husband, after previously discussing the matter with his wife, came to her home in company with an attorney and a notary public. They there presented to her for her signature papers settling their property rights. The only property they had was all separate property, nothing having been acquired after their marriage. She owned the home in which they had lived worth about $3,500, and had sold another house for $2,100 and retained the money. He was worth about $16,500, represented by real estate of the value of $2,500, and notes and mortgages of $14,000. Both parties signed an agreement whereby each was to deed to the other all interest in the other's separate property, and in consideration of such deeds, each released the other fully and completely from all claims under the marital relation.

About a year and a half later, the husband instituted this suit for divorce, based principally upon desertion,

alleging the refusal of the wife to go to his home and live with him. He alleged settlement of their property rights. The wife answered and alleged, as ground for divorce in her behalf, non-support by the husband. She also asked that the property settlement theretofore made be set aside upon the ground that no one was present representing her at the time it was signed; because she did not understand the agreement, and that it was unfair and unreasonable. She prayed for a divorce, alimony and other relief.

The court, after hearing the testimony, held that the husband had sustained his allegations of desertion, granted him a divorce, and refused to set aside or make a different property settlement than the one made by the parties in March, 1926. Upon appeal, many errors are assigned, which for convenience may be grouped under three heads, as follows: The court erred in, (1) granting the husband a divorce; (2) in denying the wife a divorce; and (3) in denying the wife alimony or property settlement.

[1] The first point is little argued upon the question of desertion, the ground stated by the court. We think the facts we have heretofore detailed show that there was a technical desertion by the wife. It is true that the home maintained by the community was, from its inception, at the house belonging to the wife, and that the husband knew, also, that the adult children of the wife were going to make it their home. But this fact did not bind him forever to maintain that as his home. He felt, after a few years, that the family life would be happier were they to live by themselves. The desire to do so was not unreasonable, nor was the request of the husband to move to his home unusual. Her main objection to moving appeared to be that she felt that such an act would be a reflection upon her dead husband. While such a devotion certainly springs

from very high ideals, it is incompatible with the duties assumed and the legal rights imposed under the new marriage contract. It may be eminently just to the dead, but surely smacks of unjustness to the living. We think the court correctly held the wife guilty of desertion.

[2] Upon the claim that the wife should have been granted a divorce on the ground of non-support, we are constrained to follow the ruling of the trial court. There was evidence showing that the husband was very close in financial matters, the court characterizing him as "close as the bark on a tree." This was amply justified by an incident showing that he urged his wife to buy an article of wearing apparel, and then charged it up to the monthly allowance he was making her. But the evidence falls far short of establishing non-support. The court found that the money contributed by the husband, added to the payments made by the adult children, were sufficient under all the circumstances. The evidence does not in any wise preponderate against this view.

[3] Finally, it is contended that the court should have awarded the wife a portion of her husband's separate property. As we have seen, the community acquired nothing during its existence, and the court confirmed the property settlement whereby each kept their own separate property. In other words, after five years of married life, both found themselves in practically the same financial condition as at the beginning. There had been no issue, nor was the health of either materially changed. Both were well along in years, and the marriage bond seems to have been little more than an attempt to find companionship in their later years. The evidence is all but conclusive that the wife signed the property settlement with full and complete understanding of all that it provided for. It con-

formed to numerous statements which she made both before and after its signing, that she wanted none of the husband's property. The trial court announced that, in the absence of the agreement, it was "hard to know what a court should give her from his property, if anything," but held that she was bound by its terms.

The situation is one governed by no hard and fast rules. Great latitude must be allowed the trial court in determining whether any amount should be taken from the separate property of the husband and awarded to the wife. An agreement fairly made with full understanding by the parties should have great weight with the court in determining the property rights. *Parsons v. Tracy,* 127 Wash. 218, 220 Pac. 813.

If the court had awarded her a small portion of the husband's property, we would not be disposed to interfere therewith; but, in the absence of such an award, we are unable to say that justice to the parties requires that it should be done.

The judgment is affirmed.

FULLERTON, C. J., BEALS, HOLCOMB, and MAIN, JJ., concur.