[No. 30078. Department Two. May 9, 1947.]

Maxim Markoff, *Respondent*, v. Elena Markoff, *Appellant*.[1]

*Allen & Carey* and *Ward W. Roney*, for appellant.

*Shirley Boyd Williams*, for respondent.

Mallery, C. J.—The appeal in this case raises only questions of fact. The parties were married in Khabarovsk, Russia, September 4, 1914. He served in the Russian army in World War I, being discharged in 1920. During his military service, she received for the support of herself and daughter only the regular army allotment. He came to the United States in 1922, and subsequently became a citizen of the United States. He sent her funds with which she came to the United States in 1929. Notwithstanding their being reunited, there were no sexual relations between the parties.

In 1932, she withdrew the amount of the bank account, about $909, and went to San Francisco, California, where she resided until 1942, during which time he contributed

[1]Reported in 180 P. (2d) 555.

from twenty-five to forty dollars per month to her support and that of the daughter. During the depression and in 1935, he went into the upholstering business and, by thrift and hard work, accumulated a little money. She returned to Seattle in 1942, but they continued estranged, she not permitting him to eat at the table with the family and not preparing his meals. They occupied separate rooms.

In 1942, she persuaded him to buy an apartment house for $18,250, now estimated as being worth from thirty to thirty-five thousand dollars. He paid five thousand dollars down, and subsequent payments have brought the aggregate amount paid to $10,990. The source of these additional funds is not too clear from the record. Certainly some of it was paid from rentals received. It appeared that she collected the rentals, and that between September 1, 1943, and July 12, 1945, she collected about $7,700.

The court granted him a divorce and denied a divorce to her. It provided for the sale of the apartment house and that the first eight thousand dollars should go to him, the next two thousand dollars to her, the balance to be divided equally between the parties.

The appellant wife assigns as error the findings and conclusions of the court that she had no grounds for a divorce, and that she had contributed little if anything to the marital community. Also assigned as error is the denial by the court of appellant's motion to reopen the trial for the taking of further testimony and for reconsideration of the court's decision. Likewise assigned as error is the denial of appellant's motion for a new trial.

■ However, it appears to us that the chief contention is that the court erred in its division of the community property. The differential of six thousand dollars in favor of the respondent was made by the court upon the basis of the source from which the community property was derived as is provided for in Rem. Rev. Stat., § 989. We find no abuse of discretion according to the facts as found by the court.

■ The facts touching the source of the marital difficulties of the parties are highly controverted. She explains or attempts to explain her eight-year absence in California on

several grounds. That she has had no love for the respondent for a long time appears satisfactorily established to us. She contends that respondent is impotent. He does not concede her contention. The parties have had many difficulties. She claims a vicious attack upon her in 1945. The question of the attack and the justification for it is highly controverted, as are the merits on the question of an insanity complaint filed against him which resulted in his being sent to the Western state hospital for a short time. The amount of her work and its value in his upholstering business is highly controverted. The handling of the funds in the bank account and the collection of rentals and the payment of expenses are likewise matters of bitterness and controversy.

In these purely factual matters it may be said that there is evidence to support the position taken by each side, if believed by the court.

We are not disposed to find that the evidence preponderates against the court's findings.

Present counsel for the appellant did not try the case in the court below. It may be that he would have tried the case differently. But an examination of the record does not disclose a situation where the court abused its discretion in denying the motion for a new trial or in denying the motion to reopen the trial for the taking of further testimony.

We will not disturb the court's finding that the appellant is not entitled to a divorce.

Being unable to find that the evidence preponderates against the facts as found by the court, and finding no abuse of discretion or misapplication of the law, the decree is affirmed.

STEINERT, ROBINSON, JEFFERS, and HILL, JJ., concur.