[No. 30949. Department One. June 30, 1949.]

BERT BODINE, *Appellant*, v. GLADYS BODINE, *Respondent*.[1]

*Geo. H. Crandell*, for appellant.

*Army Seijas* and *Solie M. Ringold*, for respondent.

HILL, J.—We are concerned with two questions on this appeal: (1) Did one spouse have separate property in which the other had no possible interest? and, if so, (2) did the trial court abuse its discretion by including the value of that separate property in the amount subject to division between the spouses, under the facts of this particular case?

[1]Reported in 207 P. (2d) 1213.

█ Rem. Rev. Stat., § 989 [P.P.C. § 23-23], gives the trial court in a divorce action wide latitude and broad discretionary powers in the disposition of the property of the parties, whether community or separate. Only a manifest abuse of that discretion justifies this court in substituting its judgment for that of the trial court. *Kolbe v. Kolbe,* 50 Wash. 298, 302, 97 Pac. 236; *Mapes v. Mapes,* 24 Wn. (2d) 743, 757, 167 P. (2d) 405; *Anderson v. Anderson,* 31 Wn. (2d) 197, 200, 195 P. (2d) 986.

In the instant case, the wife had left the husband, taking with her $7,085 of community funds, that being all that she could get her hands on. The testimony which she gave in the divorce proceedings was branded by the trial court as unworthy of belief, and the husband was granted a divorce because of her misconduct, which had been of a most serious nature. After both sides had rested, the trial judge summarized the property situation in an oral decision, saying that the value of the community property was $29,485, half of which would be $14,742.50. He pointed out that the wife had "already carried off $7,085" of that amount, and that, on the basis of an equal division of the property, she would be entitled to an additional $7,657.50. He then said:

"But . . . I think when anyone walks out on the other spouse as Mrs Bodine walked out on Mr Bodine that under circumstances such as exist here, there should be some penalty attached to that kind of conduct, that they're not entitled to a fifty-fifty split . . .,"

and indicated that he would deduct

" . . . in the neighborhood of 33 per cent . . . from Mrs Bodine's share as a penalty for her misconduct and allow her a judgment against Mr Bodine for $5,000 instead of the $7,657.50 that it figures out. . . ."

It is apparent that the deduction of approximately thirty-three per cent was applied only to the amount that she had not already reduced to possession, to wit, to $7,657.50 of the $14,742.50 which would have represented an even division of the property. The remainder of the property was awarded to the husband, making an allocation of $17,400 (59%) to him and $12,085 (41%) to her.

If the property was in fact community property or was acquired while the parties were living together, we would not be disposed to make any change in the award, because, while we might feel that the trial court was more generous to the erring wife than the circumstances warranted, we could not say that there was any abuse of discretion. Appellant, realizing this, says quite frankly in his brief:

"This appeal must not be misconstrued as an appeal from the discretion of the court in the division of property between appellant and respondent in a divorce action. If that were the question here involved, the appeal would be without merit. The appeal is from the erroneous finding that separate property of the appellant is community property and, of course, the finding being error the judgment based upon an erroneous finding constitutes error."

Respondent seizes upon this statement and insists that it is immaterial whether the property of the parties was community or separate, since the trial court had authority to make such distribution thereof as the circumstances warranted.

Appellant's statement is too broad. It is clear from his brief that what he means is that, had the property all been community property, the disposition made of it would not have been an abuse of discretion, but that the trial court erred in holding certain separate property to be community property; and that it was an abuse of discretion in this case to include the value of any portion of the appellant's separate property in the calculation of the amount to be divided between the spouses.

While under Rem. Rev. Stat., § 989, all the property of the parties, community and separate, is before the superior court and subject to distribution, and while the superior court may, under certain circumstances, award part or all of one spouse's separate property to the other, the situations which warrant such action are exceptional. *McNary v. McNary*, 8 Wn. (2d) 250, 111 P. (2d) 760; *Holm v. Holm*, 27 Wn. (2d) 456, 178 P. (2d) 725. In the present case, where the trial court expressed the belief that the respondent was not entitled to even half of the community property, it is

apparent that it would be a manifest abuse of discretion to include in the amount to be divided between the spouses, the value of separate property of the appellant acquired prior to his association with the respondent and in which she had no possible interest.

We say "association with the respondent" because appellant and respondent lived together as husband and wife for an extended period prior to their marriage. (Appellant opens his brief with the statement that this relationship began in 1941.) There was a marriage ceremony on May 29, 1943, but it was void because no final decree had been entered in appellant's divorce proceeding. The valid marriage between the parties occurred on July 10, 1943.

Appellant contends that the house occupied by the parties prior to the separation, valued at $8,000 by the trial court in arriving at the total of $29,485, was his separate property. Appellant and the respondent, under her former name of Gladys Cummings, signed the earnest-money receipt for the purchase of this property on March 3, 1942; the property was deeded to the appellant on July 6, 1942. Appellant says:

"Property acquired by a man and a woman not married to each other but living together as husband and wife, is not community property";

and cites authorities for that statement. Relying upon *Creasman v. Boyle,* 31 Wn. (2d) 345, 196 P. (2d) 835, and cases cited therein, appellant takes the position that, if it is not community property, it must, in the absence of some trust relation, be the separate property of the individual in whose name it stands.

Without discussing the technical legal status of property acquired by individuals during the existence of a meretricious relationship which continues until the death of one of the parties, as in the *Creasman* case, we hold that, when such a relationship terminates in a valid marriage and that marriage terminates in a divorce, the trial judge may be, and in this case was, justified in treating such property as though it belonged to the community. The trial judge undoubtedly had this in mind when he said, after this situa-

tion was brought to his attention, that, "Whether technically this property was community property or individual property," his decision would be the same.

What we have just said applies not only to the house, but to a one-half interest in a taxicab franchise or license acquired on May 7, 1943, while the parties were unmarried but living together, and the trial court was justified in including the value of both properties in arriving at the amount to be divided between the spouses.

■ However, we believe that the appellant does have some cause for complaint in that the other one-half interest in the taxicab franchise or license, valued at $4,250, was included by the trial court in the property making up the total of $29,485. It had been owned by the appellant since 1927 and did not come within the category of "technically" individual or separate property, to which the trial judge referred, but was clearly and unmistakably the separate property of the appellant, and the respondent had not the slightest vestige of an interest in it. It was an abuse of discretion, therefore, to include the valuation of that half interest, or $4,250, in the amount which the trial court found "That the parties hereto have accumulated during their married life," and to be subject to division between them.

Eliminating the item of $4,250, there would remain $25,235 to be divided. But the trial court believed, as do we, that the respondent was not entitled to an even division of the community property—or the property, of whatever status—acquired by these parties during their marriage and their relationship prior thereto. And we therefore apply the percentage adopted by the trial court in making its division, and hold that the respondent is entitled to forty-one per cent of $25,235, or $10,346. She has already had $7,085, so she should have judgment against the appellant for $3,261.

We are not here attempting to substitute our judgment for that of the trial court. If we were, the respondent might well receive no more than the $7,085 which she took with her when she deserted the appellant for another man. We are merely endeavoring to apply the percentages adopted

by the trial court, to the property which we find properly subject to division in this case.

For the reasons herein indicated, the judgment for $5,000 against the appellant in favor of the respondent will be reduced to $3,261, and the interlocutory decree will, in all other respects, be affirmed.

The appellant will recover his costs on this appeal.

JEFFERS, C. J., BEALS, STEINERT, and MALLERY, JJ., concur.