[No. 34077. Department One. June 13, 1957.]

MARY K. WILLS, *Appellant*, v. JOHN M. WILLS, *Respondent*.[1]

*Kahin, Carmody & Horswill*, for appellant.

[1]Reported in 312 P. (2d) 661.

*Douglas D. Mote* and *MacDonald, Hoague & Bayless,* for respondent.

MALLERY, J.—The parties were married in Seattle in 1941. The plaintiff wife was granted a divorce and custody of their four and one-half year-old son, with an award for child support in the amount of $100 a month. The parties lived in a $48,500 home in Broadmoor in Seattle and had debts and community obligations aggregating $39,876.

The plaintiff wife has appealed from the trial court's decree and contends the court erred in awarding respondent approximately two thirds of the community property and in terminating her alimony payments of $200 a month after five years. The parties hereto are agreed that the division of the property should be made without regard to fault. No objection is made to the amount of the award for child support.

We quote from appellant's brief the facts relating to the property of the parties and the division of it made by the court:

"The community assets total $104,437.72, comprised as follows:

"Community interest in partnership known as
Standard Factors ................................$20,483.47
45 shares Ernst Hardware Company stock................ 22,500.00
Monon Railroad stock ................................. 2,375.00
Sayrescrest stock .................................... 450.00
Buick automobile ..................................... 650.00
Cash ................................................. 637.00
Home ................................................. 48,500.00
Household furnishings ................................ 4,077.00
Cash surrender values on life insurance policies.......... 4,765.25

"Community obligations are $39,876, as follows:

"Mortgage on home property..........................$15,290.00
Promissory note to Charles S. Wills...................... 2,980.00
Promissory note to Charles S. Wills...................... 3,700.00
Promissory note to Seaboard Branch, Seattle-
First National Bank ................................ 2,900.00
Promissory note to Ernst Hardware Company............. 13,408.00
Furniture account to Ernst Hardware Company........... 1,450.00
Fuel bill ............................................ 48.00
Broadmoor Maintenance Commission .................... 100.00

" . . .

"By the Decree, the wife was awarded her separate property totalling $11,265, and of the community property the household furnishings valued

by the court at $4002, the family car, $650, plus $18,000 cash to be paid from the house sale—*a total of $22,652 in community property.*

"The husband was awarded his separate property of $6504.90 plus the rest of the *community property, valued at $44,649.37* in excess of the debts he assumed.

"The wife was awarded costs and $450 attorneys' fees."

We agree with appellant that when the parties are both without fault, the community property should be divided more equally than two thirds of it to one and one third to the other. Accordingly, we modify the decree herein in an attempt to divide the community property more equally.

We affirm that part of the decree which awarded respondent the following items: Forty-five shares of Ernst Hardware Company stock valued at $22,500; a partnership interest in Standard Factors valued at $20,483.47; Monon railroad stock valued at $2,375; Sayrescrest stock valued at $450; furniture valued at $75; and cash in the amount of $637.

We also affirm that part of the decree which awarded respondent his separate property in the amount of $6,504.90, and that part which makes him responsible for their son's medical and dental bills until his majority.

The decree is modified as to respondent in the following respects: The life insurance on his life having a surrender value of $4,765.25 is hereby awarded to him without any condition attached thereto. He is awarded the Buick automobile valued at $650. His share of the community property has a gross worth of $51,935.72. He will take it subject to community obligations of promissory notes payable to Charles S. Wills in the amounts of $2,980 and $3,700; promissory note payable to the Seattle First National Bank in the amount of $2,900; promissory note payable to Ernst Hardware Company in the amount of $13,408. The net worth of the community property awarded to him is $28,947.72.

That part of the decree awarding appellant her separate property in the amount of $11,265 is affirmed.

The decree will be modified to award appellant the home worth $48,500, subject to a mortgage of $15,290, and the household furnishings valued at $4,002, subject to a balance due thereon of $1,450. If she elects to sell it, she shall bear

all costs incident to the sale. Her award of community property has a net value of $35,762.

The appellant is awarded $6,814.28 more of the community property than respondent. Her separate property exceeds his by $4,760.10.

In order to partially remedy this unavoidable inequality in the awards, we modify the decree by requiring appellant to pay her own court costs and attorneys' fees both in the superior and supreme courts. She shall also pay the fuel bill and the Broadmoor Maintenance Commission.

Lastly, the decree will be modified by the elimination of any alimony for appellant for three reasons: (1) She has more separate property than respondent and has unavoidably received more than her share of the community property because it did not lend itself to an equal division; (2) she does not need any alimony because she is in good health, is a college graduate, and is seven years younger than respondent; and (3) respondent is not able to pay any alimony. He has a net salary of approximately $500 a month, and is obligated to pay $100 a month child support. His insurance premiums amount to $70 a month. If he is called upon to pay $200 a month alimony, he would only have $130 a month left from his salary for his own use.

The decree is modified as herein set out, and the trial court is directed to enter a decree in accord with this opinion.

HILL, C. J., FINLEY, WEAVER, and OTT, JJ., concur.