[No. 34090. Department One. October 10, 1957.]

FRITZ WOLFISBERG, *Appellant*, v. MARIE WOLFISBERG, *Respondent.*[1]

*O. M. Nelson* and *Gregory Nelson*, for appellant.

*Smith Troy* and *G. F. Lordan*, for respondent.

FINLEY, J.—This is an appeal by the plaintiff husband from the portions of a divorce decree adjudicating the property rights of the parties. He contends that the trial judge did not make a just and equitable distribution of the personal property accumulated by the parties during fourteen years of marriage.

The testimony at the trial was lengthy. In many respects, it is confusing and conflicting. We shall not attempt to restate it at length, but shall summarize briefly the facts which we think are material to this appeal.

The parties were married in May, 1942. At that time, Mr. Wolfisberg was forty-five years of age; Mrs. Wolfisberg was

[1]Reported in 316 P. (2d) 114.

twenty-nine. In March, 1956, the husband, after leaving the farm home of the parties, commenced this action for a divorce. The trial court awarded the custody of the only child of the marriage (a ten-year-old daughter) to the defendant wife.

At the time of the marriage, the wife owned and operated a 330-acre dairy farm, which included a family home, farm and dairy buildings and equipment, and a substantial number of dairy cattle. The husband, at the time of the marriage, had a savings account of approximately fourteen thousand dollars. Shortly after their marriage, the parties each placed seven hundred fifty dollars in a joint checking account.

The trial judge found that, through their joint efforts in operating the farm during the fourteen years of their marriage, the parties had accumulated assets of approximately ninety-nine thousand dollars in cash and other personal property. These assets were itemized as follows:

Permanent improvements .......................... $17,000
Dairy cattle and farm equipment.................... 11,000
Cash and stocks.................................... 71,000

Between the time the divorce action was commenced and the date of the decree, an additional amount of approximately three thousand dollars was earned through the dairy operations. Thus, a total of approximately $102,000 in assets, accumulated during the marriage, was before the court for distribution.

The trial judge found that the testimony was conflicting as to the value of various items of property and as to its status; i.e., whether it was separate or community property. Recognizing a distinction between probate cases and divorce cases, the trial judge observed that in the former it is the policy of the law to classify and segregate property as separate or community, whereas in the latter there need not be such a meticulous characterization of property as separate or community. He stated that all the property (real and personal) of the parties was before the court for distribution; without determining its status in each instance

as separate or community, he made the following disposition:

Property awarded to plaintiff husband:

1. The 1953 Chevrolet automobile;
2. $14,000 cash (determined to have been his separate property at the time of marriage);
3. $35,000 cash, or its equivalent, from the assets accumulated by the parties during marriage;
4. Personal belongings and effects.

Property awarded to defendant wife:

1. The 330-acre farm, together with all improvements and personal property located thereon at the time of the marriage (determined to have been her separate property at the time of marriage);
2. The remainder of all other property, real and personal, separate or community, not theretofore awarded to the plaintiff. (This includes the present dairy herd, machinery and equipment. However, there was no finding relative to value of the herd, machinery and equipment owned by the defendant wife in 1942, nor as to the subsequent replacements.)

In computing the award of thirty-five thousand dollars cash, or equivalent, to the plaintiff husband, the trial judge determined that the defendant wife's capital (farm, dairy herd, and equipment) contributed one third towards the total value of the aforementioned personal property accumulated by the parties. He determined that the personal efforts of *each* of the parties were responsible for the accumulation of one third of the total assets of $102,000. He stated that one third of the total amount would be less than $35,000; but he awarded the latter amount to the plaintiff husband, stating that this seemed appropriate under all the circumstances and in view of the statute, RCW 26.08.110. Thus, the defendant wife was awarded the balance of the property accumulated during the marriage, or a total value of $67,000.

Parenthetically, although the trial judge did not specifically make and enter a finding as to the value of the farm, various witnesses for both parties estimated its value at from fifty thousand to ninety thousand dollars at the time of the trial.

In answer to plaintiff husband's assertions that the trial judge did not make and enter the proper findings rela-

tive. to community property, and that the division of the property herein was unjust and inequitable, we believe that the case of *Patrick v. Patrick,* 43 Wn. (2d) 139, 260 P. (2d) 878, is controlling. In the *Patrick* case, the parties had also married rather late in life, and the husband had come into the marriage with a substantial amount of separate property. The husband was awarded a much larger proportion of the property than was the wife, and she appealed, contending that the property division was "arbitrary, unjust, and inequitable." The court stated:

"In disposing of the appellant's assertions that the property division is arbitrary and capricious, we believe it is unnecessary to consider in detail whether certain property involved is to be characterized, piece by piece, as community or separate property. *All* property of parties to a divorce action is before the court for a just and equitable division. RCW 26.08.110. In prior decisions, we have recognized that the characterization of property as 'community' or 'separate' property is not necessarily controlling. See *Folsom v. Folsom,* 106 Wash. 315, 179 Pac. 847; *Morse v. Morse,* 42 Wn. (2d) 229, 254 P. (2d) 720.

· "After considering the testimony in the record, and giving some weight to the unquestioned fact that the husband came into the marriage with substantially larger separate property interests than the wife, it cannot be said the trial court erred in the property disposition it made. When we consider, as the trial judge did, that respondent's earnings were only those of a coal miner and were not large, it is highly doubtful that, during the twelve years of his marriage, such earnings could have produced the very considerable amount of property involved here. The trial judge was of the view that the bulk of respondent's earnings was expended for housekeeping and day-to-day living costs, and that the government securities accumulated were purchased with the husband's own separate property or the income therefrom. We cannot say that the court abused its discretion in making the award of property decreed in this case. As we have noted in prior decisions, we will not overturn the property disposition made by the trial court unless we can find an abuse of discretion by the trial judge. *High v. High,* 41 Wn. (2d) 811, 252 P. (2d) 272."

The policy of the law in this jurisdiction relative to the division and distribution of property in divorce cases is

determined by RCW 26.08.110 and judicial decisions construing and applying the statute. The statute authorizes recognition of certain factors or equities which may militate against a mathematically equal distribution in terms of dollars and cents valuation. (See *Patrick v. Patrick, supra,* and cases cited therein; *Kolbe v. Kolbe,* 50 Wash. 298, 97 Pac. 236.)

The determining factors or equities may vary from case to case, dependent upon facts and circumstances. Thus, in *Wills v. Wills,* 50 Wn. (2d) 439, 312 P. (2d) 661 (decided after the instant case was argued), we held that, in the absence of significant statutory factors or equities, property which had been characterized definitely by the trial court as community property should be divided more equally than one third to one party and two thirds to the other party to the divorce.

The *Wills* case, *supra,* and the instant case are distinguishable. In the latter certain property—clearly separate property of the parties at marriage—was awarded to them. As permitted by statute (RCW 26.08.110), the balance of the property of the parties was not segregated or classified by the trial court as either community or separate. The trial court, relying on the statute, emphasized the fact that the wife's farm (separate property at marriage), as a going business, was in the nature of a capital investment; that it was responsible for approximately one third of the accumulation of additional assets by the parties during their marriage; and that the wife was entitled to approximately this one third of the accumulated assets before an approximately equal division of the remaining two thirds which the court attributed to the joint efforts of the parties.

We are convinced that the trial court made a fair and equitable distribution of the property as contemplated by the policy of the statutes of this state in such cases.

The judgment is affirmed.

HILL, C. J., MALLERY, WEAVER, and OTT, JJ., concur.

November 26, 1957. Petition for rehearing denied.