[No. 34832. Department Two. September 24, 1959.]

ERNEST B. HILSENBERG, *Appellant*, v. GLORIA MAE HILSENBERG, *Respondent*.[1]

[1]Reported in 344 P. (2d) 214.

*Hoof, Shucklin & Harris,* for appellant.

*Rummens, Griffin, Short & Cressman,* for respondent.

FINLEY, J.—This is an action for divorce, instituted by the plaintiff husband, Mr. Ernest B. Hilsenberg. Upon the trial of the case, the court granted a divorce to the defendant wife, Mrs. Gloria Mae Hilsenberg. She was awarded alimony, child support, and the custody of the four minor children of the parties. The trial court also made a division of the property of the parties.

Mr. Hilsenberg has appealed. He does not question the actions of the trial court in granting the divorce and awarding the custody of the four minor children to the respondent wife. He assigns error to the division of the property of the parties and to the provisions for alimony and child support as made by the trial court.

The property of the parties was divided by the trial court as follows:

| (1) Mr. Hilsenberg was awarded: | Valuation |
|---|---|
| A Cadillac automobile | $4,000.00 |
| A Studebaker automobile | 300.00 |
| A bank account | 3,200.00 |
| An income tax refund and a railroad bond | 553.48 |
| An account receivable | 10,000.00 |
| A business interest in Skipper's Sea Food Restaurant located in Seattle | 115,000.00 |
| Total valuation | $133,053.48 |

(2) Mrs. Hilsenberg was awarded:

The family home (valued at $33,000, but subject to a
    mortgage of $16,000) .........................$33,000.00
Household furniture ............................ 2,500.00
A Plymouth automobile........................... 240.00
2 Life Insurance Policies (cash value)............. 577.00

Total valuation ............................$36,317.00

The decree obligates Mr. Hilsenberg to pay the following amounts, annually:

Child support ($150 monthly for each of the four
    children) ................................. $7,200.00
Alimony ........................................ 2,400.00
Mortgage payments on family home................ 2,400.00
Insurance premiums ............................. 841.71

In addition to the above annually recurring obligations, the appellant, Mr. Hilsenberg, was ordered to pay the further sum of approximately $11,000. Included in the latter sum are such items as respondent's expenses in this divorce action and certain community debts.

Appellant's yearly income, after taxes, and after paying certain expenses connected with the operation of the business known as Skipper's Restaurant, is approximately $17,279.00. About two thirds of this income is derived by appellant from a lessor's interest in Skipper's Restaurant. The remainder is appellant's salary as manager of a large motel. In this capacity appellant receives rent-free living accommodations and two free meals per day. No allowance for these latter benefits is included in the $17,279.00 figure.

At the time of the divorce, appellant was fifty years of age, and the respondent was thirty-three. The ages of the four children were eight, seven, six and five years. Appellant concedes that because of the ages of the children it is not feasible for respondent to seek employment.

Apparently, appellant's principal argument in this court is that, during the first two years after the divorce, he will not have enough money available out of his current income to pay all of his obligations. In view of the value of the property awarded to appellant, the trial court did not consider this facet of the matter to be of particular significance. We agree.

Assuming, *arguendo*, that appellant's current income will not be sufficient to meet all of his obligations during the two years immediately following the divorce, and that payment of these obligations out of his current income will leave little or nothing for his personal living expenses; nevertheless, after the expiration of the first two years, appellant will have approximately $4,438, yearly, to spend as he sees fit.

· Furthermore, a cursory glance at the property awarded to appellant shows that his award includes at least $13,-200.00 in liquid assets, namely, the account receivable and the bank account; that from these assets alone appellant should be able to pay all obligations imposed upon him by the court which do not reoccur yearly.

A summary of the accounting or property division made by the trial judge shows that appellant husband was awarded property valued at $133,053.48. The respondent wife's property award totaled $36,317.00. Each year, appellant will have $4,438.00 to spend for himself. Respondent will have $9,600.00 with which to care for a family of five.

■ In *Browning v. Browning* (1955), 46 Wn. (2d) 538, 283 P. (2d) 125, this court stated:

". . . and we have consistently held that, under the statute, the trial court has wide latitude and discretionary powers in the disposition of the property of the parties, whether community or separate. Only a manifest abuse of that discretion justifies this court in substituting its judgment for that of the trial court. *Bodine v. Bodine*, 34 Wn. (2d) 33, 207 P. (2d) 1213 (1949), and cases cited therein."

■ We are convinced that the record in this case discloses no abuse of judicial discretion in either the division of property or the award of alimony and child support.

This disposes of the appeal, except for one final contention made by appellant. This is that, under the circumstances, the trial court should have ordered the family residence to be sold in order that another home in the twenty thousand-dollar class could be purchased, free and clear from any encumbrances.

■ During trial, appellant introduced evidence to sup-

port his contentions that the present home was extravagant and that the monthly payments would be an undue burden on him. On the other hand, respondent introduced evidence to rebut these contentions. The trial court, in the exercise of sound judicial discretion, resolved this dispute in favor of respondent. From our review of the matter, we are not convinced that the trial judge abused his discretion in this particular.

For the foregoing reasons, the judgment of the trial court should be affirmed, and it is so ordered.

The matter of attorneys' fees regarding this appeal has already been called to the attention of the trial court, and an allowance of four hundred dollars has been made by that court. Respondent has requested that we make an additional allowance of attorneys' fees.

RCW 26.08.090 provides, in part:

". . . Upon any appeal, the supreme court may in its discretion award reasonable attorneys' fees to either party for services on the appeal, in addition to statutory costs."

Because of the particular circumstances of the present case, we believe that the trial court is in a much better position than we are to make a final determination as to whether additional attorneys' fees should be allowed to respondent. The trial court may deem it necessary to take additional evidence in order to make a final determination of this question. We are, of course, in no position to do this. Consequently, upon the issuance of the remittitur, a final allowance of attorneys' fees for the wife respecting this appeal shall be determined and fixed within the sound discretion of the trial court.

WEAVER, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.