[No. 36606. Department One. September 12, 1963.]

JESSE D. ROBUCK, *Respondent*, v. CLARA ALICE ROBUCK, *Appellant.**

*Reported in 385 P. (2d) 50.

C. A. *Lirhus* and *Wettrick, Toulouse, Lirhus & Hove,* for appellant.

*Elliott, Lee, Carney & Thomas,* for respondent.

DAWSON, J.[†]—Jesse D. Robuck brought a divorce suit. He prevailed in superior court. Clara Alice Robuck, defendant, appealed from the judgment and decree entered therein.

Numerous assignments of error are laid. They fall into one of two categories: the granting of a divorce; the court's disposition of the community property, including the provisions for alimony.[1]

The issue of recrimination is not in the case. Believing that the *causa causae* of her husband's action was pressure exerted by his relatives, friends, and associates, appellant's primary purpose in contesting the divorce action was to save the marriage of 23 years' standing.

The statutory grounds for divorce, in actions *a vinculo matrimonii,* are set out in RCW 26.08.020. Respondent relied on the following statutory ground:

"(5) Cruel treatment of either party by the other, or personal indignities rendering life burdensome."

Experts were in disagreement as to appellant's organic and functional problems, but she was a nervous, high-strung woman, sometimes a compulsive talker, with numerous attendant anxieties and tensions. While explanatory, this does not, unless condoned, legally excuse appellant's displays of temper, verbal abuse and nagging, which embarrassed respondent, often in the presence of his friends, her lack of cooperation in business transactions, and criticism

---

[†]Judge Dawson is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

[1]No child was born to the parties, thus no question touched the problems of support and custody.

of his parents and sister, which the trial court found to be the facts.

██ We are committed to the rule that in reviewing findings of cruelty and personal indignities, we must apply a subjective rather than an objective test and consider the effect of conduct and words upon the aggrieved party. *Detjen v. Detjen*, 40 Wn. (2d) 479, 244 P. (2d) 238; *Baselt v. Baselt*, 37 Wn. (2d) 461, 224 P. (2d) 631; *Thompson v. Thompson*, 16 Wn. (2d) 78, 132 P. (2d) 734.

The trial court applied the subjective test, and further found that appellant's conduct was the cause of mental anguish and suffering, loss of sleep, loss of weight and nervous tensions, which seriously affected respondent's ability to continue his general practice of medicine. It made it impossible for the parties to continue life together, and, following a separation, respondent's state of health steadily improved. Substantial evidence supports these findings.

The dividing line in many cases between the mere unhappiness of incompatibility on the one hand, and mental cruelty on the other, is not in the actual conduct, or language of one, but in its effect on the health and happiness of the other. The former does not support a divorce, the latter does. In the case at bar, the trial court heard and evaluated the testimony and made findings which support the conclusions of law and decree of divorce entered. Under these circumstances, this court cannot disturb them. Therefore, this assignment is without merit.

██ It is urged that a member of the law firm which has represented respondent throughout the proceedings, but who did not personally otherwise participate in the trial, testified as a witness for respondent, contrary to ethical and court rule standards. This fact has no pertinency in our disposition of the issues raised on this appeal. It does not vitiate the evidence, which is substantial, nor does it prejudice appellant. Certainly, grounds may exist to disqualify a witness, but the reason urged was that the witness should be protected from committing an act of professional misconduct. We repeat, this is outside the issues. If a just

grievance lies, it must be supported in different surroundings.

Did the trial court abuse judicial discretion in either its division of property or in the award of alimony?

At the time of the marriage, respondent was a skilled mill worker, but, applying commendable effort and, we presume, with joint sacrifices on the part of the marital community, he thereafter completed the necessary training and is now a successful practicing physician and surgeon.

The trial court found that the community property acquired and jointly owned at the time of the trial had a gross value of $137,590, and a net value, if liquidated, of $74,124. It was not capable of division in specie, and the court awarded the property as follows: to appellant, $35,000, consisting of a car, household furniture, and cash in the amount of $33,185, payable over a period of 5 years, and with provisions for interest. The balance of the property was awarded to respondent. The court also awarded appellant alimony in the amount of $350 a month until payment of $12,000 in cash (after the sale of the community home) had been made, and thereafter $250 a month. After the expiration of 3 years, alimony was to be reduced to $100 a month. Also for a 1-year period, respondent was ordered to pay, in addition to alimony, as necessary, for unusual medical care, a sum not to exceed $160 a month. Respondent was required to maintain life insurance for appellant's benefit in the amount of $20,000 for a period of 20 years. She was also awarded attorneys' fees in the amount of $1,250.

Based upon the trial court's evaluations, respondent was awarded property in the amount of $39,124, which is $4,124 in excess of the award to appellant. Appellant maintains that the net valuation is erroneous and should be raised to $97,001. We do not resolve these assignments, because we do not agree with appellant that the law impels an equal or exact division of the community property between the parties. The disposition shall be just and equitable and wide latitude and discretionary powers vest in the trial court in this matter. Only a manifest abuse of

that discretion justifies this court in substituting its judgment for that of the trial court. *Hilsenberg v. Hilsenberg,* 54 Wn. (2d) 650, 344 P. (2d) 214; *Browning v. Browning,* 46 Wn. (2d) 538, 283 P. (2d) 125; *Bodine v. Bodine,* 34 Wn. (2d) 33, 207 P. (2d) 1213; *Markoff v. Markoff,* 27 Wn. (2d) 826, 180 P. (2d) 555; *Kolbe v. Kolbe,* 50 Wash. 298, 97 Pac. 236.

The chief community asset is a medical clinic, presently mortgaged and requiring monthly payments of $675. Respondent's fixed monthly payments after the sale of the home, which is encumbered by a mortgage loan, and exclusive of his personal living expenses, and exclusive of alimony payments, are listed as $881. Respondent's ability to meet the fixed and other necessary charges on his net income depends in a large measure upon certain imponderables. First, his own fitness to practice medicine must have been considered. It is observed that, before separation from appellant, he was at one time on the brink of a nervous breakdown and his professional ability was substantially impaired. In view of this history, it is reasonable to believe that his personal needs will include the therapy of periodical relief from the heavy demands of his profession. He is 47 years of age and his ability to withstand rigorous schedules will, of course, lessen with time. Second, the needs of appellant, unless she should remarry, will remain in a state of possible fluctuation. The trial court found that appellant suffers from hysterical neurosis. However, one doctor diagnosed her condition to be multiple sclerosis. All experts testified that gainful employment of a nature not involving emotional strain would be beneficial to her, but her future productiveness has not been demonstrated. There can be no assurance that a status quo will be maintained. These factors were for the trial court's consideration.

Appellant's position is that she should have been awarded one half of all community property, plus adequate alimony. The answer to this argument is that the trial court considered the merits and needs of the parties, and, in the exercise of its sound discretion, reached a result somewhat at

922

variance with this position. We cannot find manifest abuse of the trial court's discretion.

An assignment of error touching court costs incurred in superior court cannot be considered for the reason that the same was not presented to or passed upon by the trial court before decree was entered.

The decree is affirmed in toto.

OTT, C. J., HILL, HUNTER, and HALE, JJ., concur.