[No. 38409.    Department One.    July 14, 1966.]

Helen Richardson, *Respondent*, v. Thomas Dayle Richardson, *Appellant.*[*]

*Roger K. Garrison* (of *Boose & Garrison*), for appellant.

*J. Hugh Aaron* (of *Lyon, Kohls, Beaulaurier & Aaron*), for respondent.

Rummel, J.[†]—In this divorce case, the defendant husband raises one issue only on his appeal—the division by the trial court of the farm property of the parties.

After negotiations which extended over a period of months, the plaintiff wife had signed a property settlement agreement. This agreement provided that she be awarded personal property consisting of the household furniture and

[*]Reported in 417 P.2d 157.

[†]Judge Rummel is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

a pick-up truck. The real property of the parties was to be sold and the proceeds divided equally after deducting a mortgage balance, the costs of sale, a balance of $575 for a well, and $750 for attorneys' fees to be divided between counsel for the parties. The husband was to pay $100 a month for the support, maintenance and education of the minor children of the parties. About one month before the trial, the wife repudiated this agreement.

By its findings of fact, the court found that the parties owned an equity in a 20-acre ranch near Granger, household goods and furnishings, a 1961 pick-up truck, a tractor and miscellaneous farm equipment, and a 1962 automobile. It also found that, under RCW 26.08.110,[1] the property settlement agreement should be set aside as unfair and unjust because the wife was 58 years of age and untrained for any particular vocation, occupation or work, while the husband was 54 years of age and a journeyman electrician who earned take-home pay of $550. Further, that the equity of the parties in the real property was $22,000, that should the property be sold and divided as provided in the agreement, the wife would be left with two minor children to care for on a support of $100 a month, and that there was no showing as to what use the husband would make of his one-half of the proceeds of the sale.

The court thereupon decreed that the defendant should pay the wife $85 a month for each of two minor children, but nothing for a 20-year-old son found to be partially self-supporting. The ranch was awarded to the wife subject to a lien of $7,500 to the husband, she to pay the balance

[1]The pertinent portion of RCW 26.08.110 follows:

".  .  .  .  If the court determines that either party, or both, is entitled to a divorce or annulment, judgment shall be entered accordingly, granting the party in whose favor the court decides a decree of full and complete divorce or annulment, and making such disposition of the property of the parties, either community or separate, as shall appear just and equitable, having regard to the respective merits of the parties, to the condition in which they will be left by such divorce or annulment, to the party through whom the property was acquired, and to the burdens imposed upon it for the benefit of the children, and shall make provision for costs, and for the custody, support and education of the minor children of such marriage."

of $575 owed on the well. She was also awarded the household furniture, about which there is no dispute, the pick-up truck, and all personal property and farm machinery used in connection with the farm residence. The 1962 automobile was awarded to the husband.

It is conceded by the defendant in argument that, if there had been no agreement, such a division of the property would probably have been within the sound discretion of the court. However, he insists that the agreement made by the parties was fair and equitable, that, in setting it aside, the court substituted its own opinion as to how the property should be divided, and in so doing, the court abused its discretion.

Defendant cites *Lee v. Lee*, 27 Wn.2d 389, 400, 178 P.2d 296 (1947), in which the following language appears:

> As a general rule, voluntary settlements of property rights are binding on the parties and will be upheld if they are fair and equitable, untainted with fraud, collusion, coercion, undue influence, or the like, although, in subsequent actions for divorce, such settlements or agreements are not binding on the court and may be disregarded if the court is satisfied that they are unfair, unjust, *or do not constitute a proper division of the property. Tausick v. Tausick,* 52 Wash. 301, 100 Pac. 757; *Malan v. Malan,* 148 Wash. 537, 269 Pac. 836; *State ex rel. Atkins v. Superior Court,* 1 Wn. (2d) 677, 97 P. (2d) 139; 27 C.J.S. 1157, Divorce, § 301. (Italics ours.)

This rule is reiterated in *Bernier v. Bernier,* 44 Wn.2d 447, 267 P.2d 1066 (1954).

A review of the cases cited in *Lee* provides a better understanding of the limits, if any, placed on the trial court by a property settlement agreement. In *Tausick,* the wife, on the grounds of fraud, sought to set aside a decree of divorce entered 4 years previously, together with a deed given in settlement of property rights. In *Malan,* the parties married after each had raised a family of children, all the property was separate, none having been acquired since marriage. In *Atkins,* the wife died after an interlocutory decree of divorce, but before any final decree was entered. Therefore, the court there held that the action of divorce as well

as the property settlement abated upon the death of one of the parties. However, the court did say this, at page 685:

> In an action for divorce, a property settlement or agreement between the parties may be entirely disregarded by the court, and should be followed in dividing the property between the parties in the interlocutory order only when the court is satisfied that the agreement is fair and just and, in view of all the circumstances of the case, conforms to the views of the court as to a proper division of the property of the respective parties.

■ Obviously the situation in each of these cited cases is hardly comparable to the case now before the court. If the trial court need not be bound by the agreement if it is satisfied the agreement is unfair, unjust, or does not constitute a proper division of the property, as stated in *Lee,* then it would seem that we are to apply the same rule which would be applied if there were no agreement.

This rule is stated in *Garrett v. Garrett,* 67 Wn.2d 646, 409 P.2d 470 (1965), as follows:

> Although the division of community property need not be exact, it must be just and equitable. Only a manifest abuse of discretion justifies this court in setting the division aside. *Robuck v. Robuck,* 62 Wn.2d 917, 920, 385 P.2d 50 (1963).

An agreement constitutes no more than another factor to be weighed by the trial court in connection with all the other elements of the case.

In *Hilsenberg v. Hilsenberg,* 54 Wn.2d 650, 653, 344 P.2d 214 (1959), the court said:

> In *Browning v. Browning* (1955), 46 Wn. (2d) 538, 283 P. (2d) 125, this court stated:
>
> " . . . and we have consistently held that, under the statute, the trial court has wide latitude and discretionary powers in the disposition of the property of the parties, whether community or separate. *Only a manifest abuse of that discretion* justifies this court in substituting its judgment for that of the trial court. *Bodine v. Bodine,* 34 Wn. (2d) 33, 207 P. (2d) 1213 (1949), and cases cited therein." (Italics ours.)

The parties themselves in their agreement recognized the

right of the trial court to review the division of the property because they included the phrase "subject to the approval of the court."

In one of the latest cases involving the discretion of the court, *Stacy v. Stacy*, 68 Wn.2d 573, 414 P.2d 791 (1966), the court reviews many of the factors to be considered in making a distribution of the property of the parties and reiterates the rule in these words:

> Should our conclusions differ from those of the trial court on matters of child support, alimony and property division, we will not substitute our judgment for that of the trial court unless an abuse of discretion seems manifest. *Root v. Root,* 64 Wn.2d 360, 391 P.2d 962 (1964).

This same rule should apply on appeal whether the parties have or have not entered into an agreement. Here, can we say that there was a manifest abuse of discretion? It is evident that, in making its oral decision, the court considered the respective ages of the parties, their earning capacities, that the wife would have the responsibility of the care and education of the children, and the condition in which the parties would be left. If the property was sold for the value placed on it by the court, then, under the agreement, the husband would have received $11,000 less one-half the balance on the well and the costs of sale, so the most he is contending for is approximately $3,000, or even less, depending on any real-estate commission to be paid. The court may also have taken into consideration matters unsaid, such as the small amounts which were contributed by the husband toward family support during the pendency of the divorce and the fact that he will be eligible for social security while the wife, at the time of trial, had no such expectation.

The judgment of the trial court is affirmed. The plaintiff will be allowed attorneys' fees of $250 for this appeal, together with her costs.

ROSELLINI, C. J., FINLEY, OTT, and HALE, JJ., concur.