[No. 123-40761-3.    Division Three.    June 9, 1970.]

NOVA E. COLSON, *Appellant*, v. FRANCIS M. COLSON, *Respondent*.

*Albert J. Schauble* (of *Aitken, Schauble & Shoemaker*), for appellant.

*J. D. McMannis*, for respondent.

GREEN, J.—Nova Colson, plaintiff, was granted a decree of divorce from Francis Colson, defendant. At that time, the court made a division of the property. Being dissatisfied with this division, plaintiff appeals.

The parties were married on June 20, 1951; no children were born of this marriage. Each had been previously married to other spouses and engaged in wheat farming. At the time of their marriage, plaintiff farmed as her separate property 480 acres of land in which she owned a life or fee interest. She also owned farm machinery and equipment, a few cattle, a life interest in a residence and other miscellaneous property. Defendant farmed 325 acres of rented land, owned his farm machinery and equipment and other miscellaneous items of property. Following the marriage, defendant farmed all of the land; in later years, he also did some custom work off the farm and at times was employed in other work. Plaintiff worked during the later years of the marriage in a post office. All of the parties' assets and the income from those assets and replacement properties were used jointly; no attempt was made to segregate the properties. During the 17 years of marriage, the parties accumulated community property which the trial court found to be valued in excess of $120,000.

After trial the court awarded plaintiff all of her separate property consisting of an undivided one-half interest in 160 acres of farmland; a life estate in 320 acres of improved farmland; 10 shares of stock in the St. John Telephone Company; and a fully paid up life insurance policy on her life. The trial court proceeded to divide the community property on an approximately equal basis; plaintiff, $61,862.40 and defendant, $61,106.32.

First, plaintiff contends the court erred in numerous respects in the division of property. She takes issue with the values placed upon the property by the trial court and contends the trial court erroneously determined that it must divide the community property on an equal basis. It is contended that the income derived from her separate property was used in the acquisition of assets determined to be

community assets and that a fair division would be on a landlord-tenant crop-share basis. We disagree.

■■ All of the contentions urged by plaintiff on this appeal were argued to the trial court on conflicting evidence. In the absence of a manifest abuse of discretion, this court will not interfere with the trial court's disposition of property in a divorce action. *Rehak v. Rehak,* 1 Wn. App. 963, 465 P.2d 687 (1970); *Mayo v. Mayo,* 75 Wn.2d 36, 38, 448 P.2d 926 (1968); *Robuck v. Robuck,* 62 Wn.2d 917, 385 P.2d 50 (1963); *DeRuwe v. DeRuwe,* 72 Wn.2d 404, 433 P.2d 209 (1967). In *DeRuwe,* the court set out the general guidelines to be followed by a trial judge in dividing property in a divorce action:

> Although the division of community property need not be exact, but just and equitable (*Robuck v. Robuck,* 62 Wn.2d 917, 385 P.2d 50 (1963)), with a wide latitude resting in the trial court's discretion to make the division (*Bodine v. Bodine,* 34 Wn.2d 33, 207 P.2d 1213 (1949)), more specific principles are available to aid the court in arriving at a just and equitable division in particular cases. First, the court must consider the necessities of the wife and the financial ability of the husband. *Hogberg v. Hogberg,* 64 Wn.2d 617, 393 P.2d 291 (1964). Then, it should take into consideration the age, health, education and employment history of the parties and their children, and the future earning prospects of all of them. The court should, likewise, give thought to the sources and dates of acquisition of all properties accumulated by the parties during marriage and what properties each brought into or contributed to the community property, along with the amounts and kinds of property left to be divided at the divorce. Even when regard is had for the fault of the parties and the wrong inflicted by the one upon the other, it is the economic condition in which the decree will leave the parties that engenders the paramount concern in providing for child support and alimony and in making a property division. *Stacy v. Stacy,* 68 Wn.2d 573, 414 P.2d 791 (1966).

It is evident from a reading of the court's memorandum opinion and from the court's findings of fact and conclusions of law that each of the elements set out in *DeRuwe*

was considered in the trial court's division of the property. The effect of the division of property was to place the wife in the position of receiving her income and support from the farming operation which was adequate to provide for her security. (She was awarded the house and all other items necessary to continue the farming operation.) On the other hand, the defendant was removed entirely from farming. He was given other assets sufficient to provide for his living and future economic security. We find no substantial support for plaintiff's contention that the trial court believed that since the properties were commingled it was compelled to divide the community property on an equal basis. The record is clear that following their marriage the parties treated all assets and all income on a joint basis and for their joint use. Consequently, we find no manifest abuse of discretion by the trial court in its division of property. Cf. *Wills v. Wills,* 50 Wn.2d 439, 312 P.2d 661 (1957); *Ovens v. Ovens,* 61 Wn.2d 6, 376 P.2d 839 (1962); *Garrett v. Garrett,* 67 Wn.2d 646, 409 P.2d 470 (1965).

Second, plaintiff contends the trial court erred in ascribing partial blame for the separation of the parties to plaintiff. In finding of fact No. 3 the court said:

[W]hile both parties are more or less at fault, the husband's fault is the primary cause of this separation and that a divorce should be granted to the wife . . .

Plaintiff implies the trial court took fault into consideration in dividing the property. The record does not reflect that it did so. The record does reflect that defendant filed a cross-complaint seeking a divorce and testified that his wife was quarrelsome and in the last year she complained about his manner of farming. Finding of fact No. 3 is supported by the record and will not be disturbed.

▮▮▮ Third, plaintiff urges that if the decree is not modified as to the division of property, plaintiff should be granted a new trial by reason of claimed misconduct by the trial judge. It is contended that in chambers, after presentation of the evidence but prior to argument, the trial judge said that he made an independent investigation of

the circumstances under which the parties were married. Admittedly, plaintiff does not know the source or extent of the information obtained by the judge. At the time the comment was made, plaintiff's counsel did not inquire or make any investigation of what the judge meant by his statement. No motion or objection was made at that time; hence the record is void of any clarification of the statement claimed to have been made. Apparently, plaintiff who concedes her attorney told her of this remark prior to the rendering of the court's decision, placed no significance upon it or concluded it was favorable to her. Before error can be reviewed on appeal, the trial court must be given an opportunity to correct it. *Matthias v. Lehn & Fink Prods. Corp.*, 70 Wn.2d 541, 424 P.2d 284 (1967). In any event, the primary thrust of this appeal is the division of property; therefore, any investigation the trial court may have made concerning the circumstances surrounding the beginnings of the marriage 17 years prior to this action could have little or no bearing on the issue of property division. The record fails to show the statement in any manner affected the court's division of property.

Judgment affirmed.

EVANS, C. J., and MUNSON, J., concur.

---

Petition for rehearing denied July 23, 1970.