[No. 33824.   Department Two.   November 1, 1956.]

A. D. MUNROE, *Respondent,* v. BEATRICE LOUISE MUNROE, *Appellant.*[1]

[1]Reported in 302 P. (2d) 961.

*G. Bradley Dalton,* for appellant.

*Bryce Little,* for respondent.

OTT, J.—December 18, 1950, A. D. Munroe was granted a divorce from Beatrice Louise Munroe. Custody of the five children of the marriage (two girls and three boys) was awarded to the mother, with visitation privileges reserved to the father. The decree further provided that A. D. Munroe pay three hundred seventy-five dollars monthly for the support of the five children.

November 16, 1953, A. D. Munroe filed a petition praying that the divorce decree be modified by awarding the children to him. Beatrice L. Munroe answered the petition, praying that it be denied, and that the decree be modified by limiting the visitation privileges of A. D. Munroe. She also requested an increase in the support award. Upon the issues thus joined, the court held hearings on May 11, 27, and 28, 1954.

November 24, 1954, the court entered an interim order which placed the two girls in a private boarding school and permitted time for psychiatric examination of the girls and for a report from the doctors. Further hearings were had on October 28, 1955, December 16, 1955, and February 23, 1956.

When the interim period expired, March 23, 1956, the court modified the decree of divorce and awarded custody of the three boys to A. D. Munroe, with visitation privileges to Beatrice L. Munroe. The order also reduced the amount of the previous support money award.

From the order of modification, Beatrice L. Munroe appeals.

RCW 26.08.110 [*cf.* Rem. Supp. 1949, § 997-11] provides, in part:

"Such decree as to alimony and the care, custody, support and education of children may be modified, altered and revised by the court from time to time as circumstances may require."

In the modification order, the court found that both parents were proper custodians of the children, but determined that the welfare of the children would best be promoted by awarding custody of the two girls to the mother, and of the three boys to the father, with visitation privileges to both parties.

Appellant contends that, before the divorce decree can be modified, depriving her of custody of the three boys, it must be shown that she is not a fit and proper person. Although unfitness is one finding which would merit modification of the decree, it is not the sole finding upon which a decree can be modified. We have held that modification is merited when (1) the welfare of the children will be promoted thereby, or (2) there has been a substantial change in the conditions or the fitness of the parties. *Henson v. Henson,* 47 Wn. (2d) 866, 289 P. (2d) 1034 (1955).

The court's paramount concern in custody proceedings is the welfare of the children, and trial courts must be allowed a broad discretion in child custody matters. *Chatwood v. Chatwood,* 44 Wn. (2d) 233, 266 P. (2d) 782 (1954); *Joslin v. Joslin,* 45 Wn. (2d) 357, 274 P. (2d) 847 (1954).

When a divorce decree is signed by the court and custody awarded, there is no assurance that the custody arrangement will be in the best interests of the children. The

quoted statute recognizes that circumstances may require a modification, alteration, or revision of the original decree.

The court specifically found that the circumstances now required that the children should be given "a reasonable normal home life, and an opportunity to be removed from the pressure to which they have long been subjected."

In its oral decision, the trial court stated: "Something has got to be done so that some measure of peace and tranquillity can be brought into the lives of these children." In its painstaking effort to reach a solution of this particularly perplexing problem, the court endeavored "to provide for some plan that will give these children at least the bare essentials of a stable home environment."

The record discloses that there was extreme bitterness between the appellant and respondent toward each other, and, in this regard, the court said:

"I am familiar with it and I want to say into the record that I am satisfied that many of their actions involving these children are motivated not by any consideration of what is best for the children, but on the contrary, by their own bitterness toward each other."

As a result of the bickering between the father and mother, the children were subjected to conditions which resulted in emotional disturbances. That these emotional disturbances did exist subsequent to the divorce decree and prior to the modification, was established by the testimony of two psychiatrists. It is apparent, from the record before us, that the custody provisions of the original decree did not promote the welfare of the children. Under these circumstances, the court, in the exercise of its discretion, was warranted in granting the modification of the decree.

The record further disclosed that a son of the appellant mother by a former marriage had been adjudicated a delinquent child, and that the influence of this child had led a son of the parties into difficulties. This condition was subsequent to the entry of the original decree.

The evidence supports the finding of the trial court that the decree should be modified. Such modification was warranted because (1) the welfare of the children would

be best promoted thereby, and (2) there had been a material change in conditions which merited modification.

The final assignment of error relates to the reduction of the support award from three hundred seventy-five dollars to two hundred fifty dollars a month. The modification order relieved the appellant of the expense of supporting three of the five children. The evidence does not preponderate against the trial court's finding.

The order of the trial court is affirmed.

DONWORTH, C. J., MALLERY, HILL, and WEAVER, JJ., concur.