[No. 35435. *En Banc.* August 24, 1961.]

DONELDA L. VERNON, *Appellant*, v. ELDRAGE C. VERNON, *Respondent.*[*]

Brodie & Fristoe, for appellant.

Foster & Foster, for respondent.

FINLEY, C. J.—This appeal is an aftermath of a divorce action wherein the defendant, cross-complainant husband was awarded a divorce and custody of the parties' only offspring, a minor son. Questions are raised as to the propriety of (1) the award of custody of the minor child to the defendant husband, and (2) the refusal of the trial court to order the husband to pay the plaintiff wife's attorney's fee.

We shall first discuss the question concerning the custody of the minor child (the only child of this marriage, although plaintiff wife has two children by a prior marriage). It can be said without going into detail that a review of the record discloses ample evidence from which the trial court could find that the best interests of the child would be served by awarding custody to the defendant husband. This actually ends this matter as far as we are

*Reported in 364 P. (2d) 429.

500

concerned. However, the plaintiff raises objections and argues as to certain evidence presented to and considered by the trial court. Assuming this evidence was erroneous, the record still amply supports the trial court's judgment. We have said on several occasions that an award of child custody is a matter largely within the sound discretion of the trial court and will not be reversed on appeal except in case of a manifest abuse of discretion. *Applegate v. Applegate* (1959), 53 Wn. (2d) 635, 335 P. (2d) 595; *Munroe v. Munroe* (1956), 49 Wn. (2d) 453, 302 P. (2d) 961. We find no such abuse exists in this case; furthermore, it appears to us that the trial judge put considerable time and thought into his decision.

■ We turn next to the question of attorney's fees. RCW 26.08.090 provides, *inter alia*:

". . . Upon the entry of judgment in the superior court, reasonable attorneys' fees *may* be awarded either party, in addition to statutory costs. . . ." (Italics ours.)

The awarding of suit money and attorney's fee are matters within the sound discretion of the trial court, and its determination will not be reversed on appeal unless untenable or manifestly unreasonable. *Abel v. Abel* (1955), 47 Wn. (2d) 816, 289 P. (2d) 724; *Mapes v. Mapes* (1946), 24 Wn. (2d) 743, 167 P. (2d) 405. In the instant case it appears that the plaintiff wife was working; that she was receiving support payments from her former husband; that she would be able generally in terms of finances to take care of herself. No particular need for funds appearing on the part of the plaintiff wife, there was no abuse of discretion in the trial court's refusal to award attorney's fee.

The judgment of the trial court is affirmed.

MALLERY, HILL, DONWORTH, WEAVER, ROSELLINI, OTT, and HUNTER, JJ. concur.

FOSTER, J., did not participate.