[No. 36671.   Department Two.   December 5, 1963.]

LEONA M. MUMM, *Respondent,* v. JOHN PAUL MUMM, *Appellant.*\*

*Alexander L. Cain* and *Max R. Nicolai,* for appellant.

*Merges, Brain & Hilyer* (*G. Robert Brain* and *George N. Apostol,* of counsel), for respondent.

\*Reported in 387 P. (2d) 547.

OTT, C. J.—John and Leona Mumm were married September 3, 1955. June 28, 1960, Leona Mumm commenced this action for divorce. John Mumm cross-complained. The trial court granted each a divorce and made a property division. John Mumm has appealed.

Appellant asserts that "all of the Assignments of Error concern the trial court's division of property between the parties."

During the marriage, Leona Mumm was employed for about 3 years and earned approximately $4,000 a year. She deposited her earnings in the joint bank account and, in addition, deposited $12,000 which she had inherited. Her husband deposited a part of his earnings from his pinball business in a joint account. The two accounts were used largely to pay living expenses and to make installment payments on their investments.

The court awarded to each spouse all items which were conceded to be the separate property of each. During marriage, property was purchased which, at the time of the divorce, the court found had a community equity as follows:

| | | |
|---|---|---:|
| "1. | Defendant's checking account | $ 100.00 |
| "2. | Plaintiff's checking account | 205.77 |
| "3. | Plaintiff's savings account | 3,134.90 |
| "4. | Home property located on 2nd N. W. | 8,732.75 |
| "5. | Equity in Whidby Island Property | 1,460.00 |
| "6. | Equity in Sand Point Tri-plex | 1,500.00 |
| "7. | Burien House and Lots | 5,632.15 |
| "8. | Equity in Ballard Smoke Shop | 38,750.00 |
| "9. | Clearview lots—lien by community | 4,037.37 |
| "10. | Lien by community against Hasty Tasty parking lot | 1,600.00 |
| "11. | Equity in stock Ideal Novelty—community interest | 20,000.00" |

The court further found that, from the total community equity of $85,152.94, the parties, by agreement, were to share equally in the accountant's fee of $1,250, leaving a net community equity of $83,902.94. The court concluded:

"That the plaintiff [respondent] shall receive as her share of said community property her checking account in the amount of $205.77, her savings account in the amount of $3,134.90 and a Judgment against the defendant [appellant] in the amount of $38,610.00, secured by a second mortgage

against the community interest in the Ballard Smoke Shop. That said Judgment shall be payable at $10,000.00 within three months after date of the Decree, and $5,000.00 every three months thereafter, with interest on the outstanding balance at 4% per annum. Defendant shall have the option of reducing quarterly payments to a minimum of $2000.00 but shall pay 6% instead of 4% on any reduction from above. Defendant shall have a credit for ½ of any additional tax paid on 1959 Income Tax Amended Return."

Appellant contends that the award to the respondent was inequitable because the itemized properties were purchased with his earnings and were his separate property, due to the fact that, some 3 years after the parties were married, they entered into the following agreement:

"THIS AGREEMENT is entered into between John Mumm and Leona Mumm, husband and wife, for the purpose of clarifying the status of the property of each, it being the desire of each party that as between themselves the property should be clearly separated and earmarked so as to eliminate community property claims; and accordingly

"IT IS AGREED between the parties hereto that whatever property each had, be it real, personal or mixed, prior to their marriage, remains the sole and separate property of each; and that any property accumulated by either party subsequent to the marriage, shall be deemed the separate property of the person who personally acquired the same as wages or other earnings; THAT IS TO SAY that all wages and other personal earnings of Leona Mumm and all assets acquired by her with said earnings, shall be and remain her separate property, and conversely, that all wages and other personal earnings of John Mumm and all assets acquired by him with said earnings, shall be and remain his separate property.

"IT IS AGREED that during the continuance of the marriage John Mumm will furnish the maintenance of the household, including all necessaries, for the parties hereto.

"DATED at Seattle, Washington, this 25 day of August, 1958."

Prior to the execution of the agreement, the parties deposited their earnings in joint accounts and, subsequent to the signing of it, they continued to deposit their earnings and profits from investments in the joint accounts. Some

money was borrowed, and the credit and liability of the community were incurred. Joint income tax returns were executed, and the tax paid from the joint accounts. The court, in the divorce decree, provided: "Defendant [appellant] shall have a credit of ½ of any additional tax paid on 1959 Income Tax Amended Return."

Two accountants were employed to examine the bank records and deposits, and each concluded that the funds were so commingled they could not be traced as the individual earnings or separate property of either party.

From this evidence, the trial court entered finding of fact No. 6 as follows:

"That the defendant [appellant] conducted his business in such a manner that it is impossible from his records to trace or follow his business transactions."

██ When, during coverture, separate funds are commingled with community funds so that they cannot be traced or identified, the commingled funds, or assets acquired therefrom, become community property. *In re Allen's Estate,* 54 Wn. (2d) 616, 622, 343 P. (2d) 867 (1959). See, also, *Rustad v. Rustad,* 61 Wn. (2d) 176, 377 P. (2d) 414 (1963), and cases cited. Further, the evidence established that the separate property agreement was not mutually observed by the parties; hence, it did not change the status of the community property. *Kolmorgan v. Schaller,* 51 Wn. (2d) 94, 98, 316 P. (2d) 111, 67 A.L.R. (2d) 704 (1957), and cases cited.

The court did not err in its determination that the questioned items were community property.

Finally, appellant contends that the court erred in its determination that the Ballard Smoke Shop was community property because respondent, during coverture, executed a quitclaim deed of her interest in the property to him. When respondent was asked why she signed the deed, she answered that appellant had told her: " 'You'll either sign this quitclaim deed or I'll throw you and your belongings out on the street.' " Appellant did not deny the statement. Nor did he show what, if any, consideration he gave respondent

for relinquishing her interest in the property, which he recognized she owned when he demanded the deed.

▋ The court made no specific finding of duress or that the deed was void because of lack of consideration. In a divorce proceeding, the court exercises a wide discretion in the division of the property of the parties. The exercise of this discretion will not be disturbed except for abuse. *Hilsenberg v. Hilsenberg,* 54 Wn. (2d) 650, 653, 344 P. (2d) 214 (1959), and case cited. Applying the rule to these facts, the court did not abuse its discretion.

▋ Respondent requests an allowance of attorneys' fees on appeal. Such allowances are granted only on a showing of need. *Akins v. Akins,* 51 Wn. (2d) 887, 322 P. (2d) 872 (1958), and cases cited. She made no such showing. Her request is denied.

The judgment is affirmed. Respondent will recover costs, including statutory attorneys' fees.

DONWORTH, WEAVER, HAMILTON, and HALE, JJ., concur.

---

January 30, 1964. Petition for rehearing denied.