[No. 36810.   Department One.   April 30, 1964.]

MARJORIE M. ROOT, *Appellant*, v. DONALD SHERWOOD ROOT, *Respondent.**

*Charles C. Hall* (of *Hall & Atwood*), for appellant.

*Jonson & Jonson*, for respondent.

FINLEY, J.—Marjorie M. Root instituted this action for divorce; Donald S. Root cross-complained. The court granted a divorce to both. The parties were married in Seattle on January 30, 1937. The one child of the marriage is now

*Reported in 391 P. (2d) 962.

over 21 years of age and is self-supporting. In this appeal the basic issue, raised by the wife, is whether the division and settlement made by the trial court as to certain community property is a fair and equitable one. We think it is, for the reasons discussed hereinafter.

A mutually agreeable distribution was effected as to various items of personal property, and as to cash and bank accounts which were divided as follows: To Donald S. Root, $6,980.05; to Marjorie M. Root, $4,529.44. In this appeal no question is raised as to these items.

The community property of the parties included vendor interests or equities in four real estate contracts. The parties stipulated, and the trial court found that the total market or cash value of these vendor-contract equities was $26,100. The property settlement, as decreed by the trial court, gave the four contracts (vendor interests or equities) to the husband, and awarded the wife the sum of $26,000, secured by liens on the contracts awarded to the husband. The trial court made the $26,000 award to the wife payable by the husband over a period of approximately 10 years at the rate of $300 per month for the first year, and $200 per month thereafter.

In this appeal the appellant wife makes two contentions: First, that awarding the four contract equities to the husband results in a division of property in a value ratio of about two thirds to him and one third to her, and, consequently, it is unfair and inequitable as to her; and second, that she should be allowed interest at the rate of 6 per cent per annum on the declining balance, as monthly payments are made on the $26,000 awarded to her.

We have carefully examined the record and the memorandum decision of the trial judge. We are convinced that he exercised excellent judgment and sound judicial discretion in working out the property division and settlement, as indicated hereinbefore. The award to the wife on a monthly installment basis for 10 years will afford her considerable protection and security against her own impulsive and improvident actions as to which the record shows she is susceptible.

It is true that, if the husband can hold the vendor-contracts for their full terms, and if they are of super, gilt-edged investment quality, in terms of no defaulting of any payments for any reason and no diminishment in their integrity for other reasons or by other occurrences for 10 or more years, his total realization would be better than double the sum of $26,000 which he is obligated to pay the wife. But the parties unequivocally stipulated the present cash or market value of the contracts awarded the husband was $26,100. This figure of present cash value, which the trial judge used in calculating the property division and settlement, is the proper one in our opinion, rather than some speculative figure as to total realization from the contracts upon a total and perfect record of payment and performance for their full maturity. Even assuming that the husband eventually realizes $50,000 to $60,000 in a period of 10 years or more, he is obligated to pay the wife about half of that amount. The two end results seem to us about even.

This conclusory evaluation is made even more persuasive in view of the fact that we are in agreement with the trial judge's judgment that a bird in the hand is worth two in the bush to this particular divorcee, especially when it is on a monthly basis for 10 years.

■ The husband has not cross-appealed, and apparently is not complaining about the property division and settlement made by the trial court. We will observe in passing that it seems to us that the husband, in terms of monetary values and financial obligations, has more reason to complain than the wife. Furthermore, we will note that in matters of this nature this court is most reluctant to substitute its evaluation and judgment (even though multi-judge in form and substance) for that of the trial judge. We will only do so when inequity and injustice are apparent beyond simply an honest difference of opinion, and we can say that an abuse of judicial discretion is clearly manifest on the part of the trial judge. *Robuck v. Robuck* (1963), 62 Wn. (2d) 917, 385 P. (2d) 50.

Finding no merit in the first contention of the appellant or in the argument that she is entitled to interest on the declining balance of the $26,000 awarded to her, we conclude that the trial court should be affirmed in all respects. It is so ordered.

OTT, C. J., DONWORTH and ROSELLINI, JJ., concur.

HUNTER, J., concurs in the result.