[No. 37142. Department One. June 18, 1964.]

DANIEL A. HOGBERG, *Respondent*, v. MARGARET A. HOGBERG, *Appellant*.*

*McGavick & Sauriol*, for appellant.

*Henderson & Connelly*, for respondent.

HUNTER, J.—Dr. Daniel A. Hogberg married Margaret A. Hogberg, a registered nurse, in October, 1953. They each had three children by prior marriages, and two children born as a result of this marriage were ages six and eight at the time of the divorce trial in February, 1963; the husband was 40 years of age and the wife was 37. In 1953, the plaintiff (respondent) husband practiced medicine in Hoquiam, Washington. From 1955 to 1957, he was a resident in surgery at a Seattle hospital, and since that time has practiced medicine in Morton, Washington. During their

*Reported in 393 P. (2d) 291.

marriage, the defendant (appellant) wife has been physically and mentally ill, and was committed to the Western State Hospital on two occasions as a result of using large quantities of narcotic-type drugs.

The husband initiated this divorce action, and the wife cross-complained. Both parties sought a divorce and custody of the children. The trial court granted a divorce to the husband, and he was given custody of the two children of their marriage. The wife's cross-complaint was dismissed.

The court awarded the community property to the husband, and one half of its value to the wife. The husband, who for the past 3 years has been earning approximately $35,000 a year, was required to pay the wife her share of the community property ($2,150) within 6 months, and thereafter $300-per-month alimony for a period of 6 months. The alimony was reduced to $150 a month for the following 12 months, whereupon the decree provided that it cease. The husband was further required to pay $1,000 to the wife's attorneys. The wife appeals.

■ The wife first contends that the court erred when it did not award the divorce to her. From our examination of the record and the fact that the wife obtained a divorce by the decree that was entered, we find no prejudice to the wife by the court's failure to grant her a divorce on her cross-complaint. *Smith v. Smith,* 45 Wn. (2d) 672, 277 P. (2d) 339 (1954).

The wife assigns error to the finding of the trial court that the residence property of the parties had a fair market value of only $23,750. It is undisputed that the mortgage balance at the time of trial was $21,500. One witness, an expert appraiser who was familiar with real property values in and about Morton, stated that he had examined the house and appraised its value at $23,750. The husband testified that the value was $22,000, subject to the mortgage. This testimony constitutes substantial evidence to support the trial court's finding, and the assignment of error is therefore without merit.

■ It is contended that the alimony award is insufficient, and that the trial court abused its discretion by

refusing to make a larger award. It is argued that the wife was ill at the time of the divorce and was not able to work; that she is entitled to more alimony than the decree provides since the husband has a high earning capacity. The rules regarding alimony were recently reasserted in *Morgan v. Morgan,* 59 Wn. (2d) 639, 369 P. (2d) 516 (1962):

"Alimony is not a matter of right. When the wife has the ability to earn a living, it is not the policy of the law of this state to give her a perpetual lien on her divorced husband's future income. *Warning v. Warning,* 40 Wn. (2d) 903, 247 P. (2d) 249 (1952); *Lockhart v. Lockhart,* 145 Wash. 210, 259 Pac. 385 (1927).

"The criterion adopted by this court for the allowance of alimony includes two factors: (1) the necessities of the wife, and (2) the financial ability of the husband. *Murray v. Murray,* 26 Wn. (2d) 370, 174 P. (2d) 296 (1946); *Duncan v. Duncan,* 25 Wn. (2d) 843, 172 P. (2d) 210 (1946)."

We will first consider the necessities of the wife. The evidence establishes that she had been hospitalized several times for problems related to drug addiction. The parties separated in January, 1962, at which time she was committed by the court to Western State Hospital. Following her release she moved to Tacoma, and was employed at St. Joseph's Hospital from July, 1962 to October, 1962. She then recommenced the excessive use of drugs and broke out with a case of "shingles." She was admitted to the Lakewood General Hospital and on the same day was transferred to the psychiatric ward at St. Joseph's Hospital. After her release she had no further difficulty until January 1, 1963, when she was admitted to St. Joseph's Hospital because of drunkenness and attempted suicide. There was expert medical testimony that her prognosis was very poor; that she had a 7-year history of drug addiction; and that it is likely she will not be able to leave drugs alone in the future. There was further testimony by a psychiatrist that Mrs. Hogberg would be more likely to recover from the habit if she had an incentive to earn her own livelihood.

On the other hand, the husband must support himself, the two children of this marriage, his aged mother who lives with him, and pay support money of $300 a month for the children of his prior marriage. He has been earning around $35,000 per year, and has expenses of $1,600 a month. He is a diabetic, has had a coronary insufficiency, a hernia, a back injury, and has been working 90 hours a week in order to earn this income.

■ From these circumstances, we find no abuse of discretion by the trial court in its solution of the issue of alimony except as to the date of termination of the alimony payments. We believe the trial court, in this respect, abused its discretion by speculating as to the wife's ability to free herself from her prolonged use of drugs to permit her to earn a livelihood. Therefore, it is ordered that the alimony payments of $150 per month will continue until further order of the court. Upon a showing of a change in the conditions and circumstances, the trial court has the discretion to modify or terminate the alimony payments. *Bartow v. Bartow,* 12 Wn. (2d) 408, 121 P. (2d) 962 (1942).

The wife contends that the trial court erred when it awarded only $1,000 for her attorneys' fee. Her attorneys argue that they spent in excess of 110 hours on the case, including 2 days of trial, and that a reasonable fee is $4,500, not including costs of appeal and $300 out-of-pocket expenses. They state that in view of Mrs. Hogberg's drug addiction she was a difficult client, and to protect her interest it was necessary to check out many details of the case independent of her assistance. We agree with the trial court that the claimed fee is excessive, but considering the entire record relative to the preparation of the case, the practical difficulties of the matter, the additional responsibilities resulting from the client's mental condition, and the substantial income of the husband, we believe the fee of $1,000 is manifestly inadequate. The additional sum of $500 will therefore be allowed. Five hundred dollars is also allowed to the wife's attorneys for the preparation and argument of this appeal.

The judgment of the trial court is affirmed except as modified. The wife will be allowed her costs on this appeal.

OTT, C. J., DONWORTH and HALE, JJ., and EDGERTON, J. Pro Tem., concur.