[No. 37833. Department One. May 12, 1966.]

PHYLLIS W. STACY, *Appellant*, v. MAURICE W. STACY, *Respondent.**

*Erle W. Horswill* (of *Kahin, Horswill, Keller, Rohrback, Waldo & Moren*), for appellant.

*Laird B. Peterson* (of *Devin, Hutchinson & Rolfe*), for respondent.

HALE, J.—Phyllis and Maurice Stacy married in 1942. In 1964, when Phyllis Stacy brought this divorce action,

*Reported in 414 P.2d 791.

their three children were 17, 16 and 9 years old. The trial court granted her the divorce on grounds set forth in finding of fact No. 8, "That the defendant has treated the plaintiff in a cruel and inhuman manner in that he has physically abused her by striking her," and gave her custody of the children, allowing the husband visitation rights. She appeals, assigning as error inadequacy of child support, alimony and property awarded.

At the time of trial in 1964, the wife was 41 years old, the husband was 43, and both were in good health. As to their earning capabilities, the court found (No. 7) "That the defendant earns the gross sum of $12,000.00 per year, prior to taxes. That the plaintiff is an able bodied woman and will be able to provide for [sic] own living." The decree required defendant husband to pay child support of $100 per month for each of the three children until age 21, alimony to the wife of $100 per month for 5 years, and made a division of the property substantially as follows:

Awarded to appellant, Phyllis Stacy:

| | |
|---|---:|
| Her separate property consisting of the Bache account in a total of | $3,500.00 |
| 108 shares of Texaco stock | 8,100.00 |
| Savings account | 803.00 |
| Community property consisting of household furniture and furnishings | 2,000.00 |
| 1953 Ford Sedan | 100.00 |
| Equity in family home based upon the lower appraised figure of $32,500, less a mortgage balance of $7,633 and lien in favor of respondent in the total sum of $7,500 | 17,200.00 |
| Total | $31,703.00 |

Awarded to respondent, Maurice Stacy:

| | |
|---|---:|
| Hitachi stock | $1,400.00 |
| 1960 Ford automobile | 1,250.00 |
| Lien on family home | 7,500.00 |
| Personal possessions | 200.00 |
| Bank account | 200.00 |
| Total | $10,550.00 |

Thus, under the decree, the husband will pay a total of $400 per month to the wife, reducible by $100 as each child

attains the age of 21 years, including the $100 per month alimony which ends in 5 years.

The family residence, having an appraised value of $32,-500, was subject to a mortgage of $7,633. This home the court awarded to plaintiff wife subject to the mortgage, but additionally impressed it with a $7,500 lien in the husband's favor, foreclosable 6 months after entry of the divorce decree and awarded the husband his attorney's fees in the foreclosure plus interest at 6 per cent on the lien. The monetary value of the home awarded the wife, after deducting the mortgage and the husband's $7,500 lien, thus came to about $17,000—but had as its principal function the providing of an actual residence for the wife and children, or an asset convertible to money with which to buy another house.

Although there is a marked disparity in value under the decree between the property awarded the wife and that of the husband, the difference, when considered in light of the wife's need to provide and furnish a home for herself and the children, tends to disappear. However, a similar disparity between the earning capacities of the two tends to persist. The wife, with three children to maintain, either at home or in college, will have a total income of $400 per month from her husband for less than 5 years, plus such additional amounts as she may earn.

The record discloses no history of employment for her during their 22 years of marriage nor any training for gainful employment prior thereto. Although the wife's health will allow her to work, her age, lack of training and qualifications will tend to consign her to employment of low income and uncertain tenure. Unless she can financially provide herself with the necessary training and experience to qualify for a job, it is unlikely that she will earn enough to maintain an adequate standard of living for herself and the three children during the next 5 years although she may be gainfully employed.

The husband stands in a different position. Making $12,-000 annually now and with a future capability for greater earnings, he will have about the same income under this

decree for one person as the wife will have for four. After about 5 years have elapsed and the husband is relieved of further alimony payments, and the two older children will have attained the age of 21, the total drain on his income will, under the decree, decline to $100 per month and finally, with the majority of the youngest child, cease. Meanwhile, under the same decree, he will have acquired $7,500 from foreclosure of his lien on the family home.

The future earning capabilities of the wife, if she has no other means of support, represent one of the important concerns of the courts in divorce cases, and must be considered in comparison to those of her husband. It would be manifestly unjust to leave the wife and children with a low and uncertain standard of living while the husband retains a much higher one. We recognize, of course, that, unless the parties have independent means, a divorce decree will undoubtedly reduce the standards of living of both parties, but the disparity between them ought not be so great as the instant decree engenders.

 The courts should, when awarding alimony at the divorce of a long marriage, consider and weigh the future earning capabilities of both parties and allow the wife such sums for whatever period of time seems right under all of the circumstances. *Underwood v. Underwood,* 162 Wash. 204, 209, 298 Pac. 318 (1931). The necessities of the wife and the financial ability of the husband represent the fundamental criterion upon which the award rests. *Hogberg v. Hogberg,* 64 Wn.2d 617, 393 P.2d 291 (1964). But there are numerous other factors which must be weighed, measured and adjusted to enable the court to apply this criterion. The final distribution of property between the spouses, the amount of child support and alimony, if any, all derive from a compound of many ingredients, including the age, health and employment history of the parties, their education, training and business or occupational experience, the prospects of future earnings, the ages, health and aptitudes of the children, and the amounts, nature and origin of the property to be divided, and the total property pos-

sessed by or likely to be acquired by the parties. And not to be ignored is the question of fault.

In assessing the necessities of the wife versus the financial ability of the husband, it is not so much the quantum of property to be put in hand of either or the amounts of income to be taken from one spouse and awarded to the other, but rather the condition in which the parties will be left by the decree that governs these decisions.

■ Should our conclusions differ from those of the trial court on matters of child support, alimony and property division, we will not substitute our judgment for that of the trial court unless an abuse of discretion seems manifest. *Root v. Root,* 64 Wn.2d 360, 391 P.2d 962 (1964). But noting an abuse of discretion in one particular or another which fosters an inequity, we will, nevertheless, correct the decree in those particulars and in such a way as to remove or ameliorate the inequities. *Hogberg v. Hogberg,* 64 Wn.2d 617, 393 P.2d 291 (1964); *Dickison v. Dickison,* 65 Wn.2d 585, 399 P.2d 5 (1965).

Taking all of the factors under consideration which seem to have a bearing on the division of property, alimony and child support in this case, we are of the opinion that the husband's lien on the family home was too large, foreclosable too early, and ought not bear interest. Accordingly, the lien awarded the husband will be reduced from $7,500 to $3,500; the foreclosure period enlarged from 6 months to 5 years, unless the wife shall earlier sell the residence in which latter event she shall pay off the husband's lien.

To alleviate in some degree the difference in income, the alimony shall be increased from $100 to $200 per month, to expire in 5 years as provided for in the decree. In all other respects, the decree is affirmed.

ROSELLINI, C. J., HILL and OTT, JJ., and LANGENBACH, J. Pro Tem., concur.