[No. 38509.    Department One.    May 4, 1967.]

GERHART P. LUCKER, *Respondent*, v. LOUELLA M. LUCKER, *Appellant*.*

*Jager, Austin & Makus*, for appellant.

*Yates & Yates*, for respondent.

DENNEY, J.†—Plaintiff-respondent commenced this divorce action against his wife on the ground that they had lived separate and apart for a period of more than 5 years. Defendant-appellant cross-complained for a divorce on the grounds of cruelty and personal indignities rendering life burdensome. A decree of divorce was awarded to both parties. The wife appeals, assigning as error the division of the property by the trial court.

The parties were married on September 29, 1956, and separated in the summer of 1958. No children were born of this marriage. In contemplation of the marriage and during the time the parties lived together, they acquired and paid

*Reported in 426 P.2d 981.

†Judge Denney is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

for furniture and household appliances which cost approximately $1,200 and which were found to be worth $500 at the time of trial 7 years later. A boat, motor and trailer were purchased for $2,135 with community funds before the separation. Respondent realized $425 on the sale of the boat, motor and trailer in 1964. Three months before the separation the parties purchased an unimproved lot on Hood Canal for $2,250, paying $100 down with monthly payments of $22. Respondent made these monthly payments after the separation. At the time of trial about $1,000 was still owing and the value of the property had increased to about $5,000. At the time of separation, respondent, with his wife's consent, retained possession of the furniture, appliances and boat. No agreement, informal or otherwise, has ever been made regarding disposition of their property.

After separation, appellant acquired a 1961 Thunderbird automobile, stock of small value, a small savings account, a small checking account and two life insurance policies. After separation, respondent acquired a GMC pickup truck and a camper. The trial court awarded all property acquired after separation to the party purchasing such property.

RCW 26.16.140 provides that the earnings and accumulations of the wife, while she is living separate from her husband, are the separate property of the wife. There is little difference in the value of the property acquired by each party after separation. We, therefore, see nothing unjust or inequitable in allowing each of them to keep what was acquired during the long separation. We affirm this portion of the decree.

After the separation, both parties made their own way in life and handled their own funds. The trial court was of the opinion that this conduct precluded Mrs. Lucker from having a just claim for the value of the use of the furniture or the boat or a claim for enhancement in the value of the Hood Canal property, upon which only $175 had been paid at the time of the separation. He therefore awarded the property acquired during the time the parties lived to-

gether to respondent, including furniture, appliances, and the Hood Canal property, and awarded appellant judgment against respondent for $509 to cover one-half the value of the furniture and appliances at time of trial, $172 unpaid balance on a loan from appellant to respondent, and $87 to cover one-half the investment in the Hood Canal property at the time of the separation. This judgment was made a lien against the Hood Canal property. No consideration was given to the value of the boat which had been sold by respondent.

We find that the trial court exercised sound discretion in awarding the furniture, appliances and Hood Canal property to respondent in view of the fact that he had been in possession of the property after the separation and had made monthly payments on the real property over a period of years. We question, however, the amount of the lien awarded the wife on such property.

■ RCW 26.08.110 directs that a divorce decree shall make disposition of the property of the parties either community or separate as shall appear just and equitable. We have consistently held that the trial court is given a wide discretion in making such division and that this court will not interfere except for a manifest abuse of such discretion. *Kolbe v. Kolbe,* 50 Wash. 298, 97 Pac. 236 (1908); *Mumm v. Mumm,* 63 Wn.2d 349, 387 P.2d 547 (1963); *Morris v. Morris,* 69 Wn.2d 506, 419 P.2d 129 (1966). On the other hand, upon noting an abuse of discretion which fosters an inequity, we will correct the decree in such a way as to remove or ameliorate such inequities. *Stacy v. Stacy,* 68 Wn.2d 573, 414 P.2d 791 (1966); *Hogberg v. Hogberg,* 64 Wn.2d 617, 393 P.2d 291 (1964); *Dickison v. Dickison,* 65 Wn.2d 585, 399 P.2d 5 (1965).

■ The formula by which the trial court divided the property considered only the value at the time of trial and ignored depreciation during the 7-year period in which the parties were separated, and during which time respondent had the use of the property. The furniture, appliances, boat, motor and trailer were acquired and paid for during the

time the parties were living together and respondent had the use and enjoyment of them for a period of years after the separation, yet appellant was given nothing for her interest in the boat, motor and trailer although she contributed to their purchase as a member of the community. Likewise, appellant was awarded nothing for any enhancement in the value of the Hood Canal property during the years following the separation, though it increased in value to some $5,000. If the property is to be valued as of the date of trial rather than the date of separation, appreciation as well as depreciation in value should be considered in making an equitable division. We believe that a larger judgment than $509 should be awarded to appellant.

After considering the factors heretofore mentioned, and after giving respondent due credit for the fact that he made the payments on the Hood Canal property after the separation and considering the fact that no allowance was made to appellant for proceeds of the sale of the boat, we are convinced that appellant should be allowed judgment for $1,400 to cover her just and equitable share of the community property. In addition, she should be awarded judgment for the unpaid balance of her loan to her husband—$172.

The judgment of the trial court is modified, therefore, by increasing appellant's judgment against respondent from $509 to $1,572 to be enforced by a lien against the real property in the manner provided in the decree. In all other respects the judgment is affirmed. Appellant will recover costs.

FINLEY, C. J., WEAVER, ROSELLINI, and HALE, JJ., concur.