[No. 39488.    Department Two.    November 9, 1967.]

WALTER D. CLARK, *Respondent*, v. NORA AGNES CLARK, *Appellant*.*

*A. M. Roberts* and *Roberts & Anderson*, for appellant.

*Johnson, Jonson & Inslee*, for respondent.

HUNTER, J.—This appeal arises from a divorce decree awarding mutual divorces, dividing the community property, awarding child custody and providing for child support.

The parties, Walter Clark and Nora Clark, were married in 1948 in Renton, Washington. They have four minor chil-

*Reported in 433 P.2d 687.

dren: Sharon, Ronald, Susan and Kelly Jean, the eldest of whom was 18 at the time of trial. Walter Clark, plaintiff (respondent), filed for a divorce on February 1, 1966. Mrs. Clark, defendant (appellant), answered and also asked for a divorce. After trial, the court made findings of fact substantially as follows.

Each party was guilty of "cruel and inhuman treatment of and towards" the other. Walter Clark, who has a responsible position with Associated Grocers, enjoys an income of $1,150 per month ($850 take-home pay). Mrs. Clark is not employed at present but has worked as a bank teller and "is experienced and able to work." If she were employed she could anticipate earnings averaging $250 per month. The parties have no debts and no separate property.

The court entered its decree granting each party a divorce, awarding custody of the children to their mother and visitation privileges to the father, dividing the community property, and ordering the husband to pay $115 per month for each child as child support until their attaining 21 years of age. Mrs. Clark did not ask for alimony and none was awarded. The court divided the property in such a manner that the wife's share was valued at $16,351.51 (excluding an insurance policy), and the husband's at $12,676.36 (excluding insurance policies). She received the family home, valued at $11,500 (the court discounted the market value, which it found was $12,750, by estimated selling costs of $1,250), the furnishings in the home, the newer of the family's two cars, and checking and savings accounts totaling $2,351.51. She was also awarded $500 from community funds toward attorney's fee, and a policy insuring her life. Walter Clark received the older car and bank accounts totaling $11,792.36, as well as two insurance policies on his life. The cash values of the husband's two insurance policies, each of $5,000 face value, and the wife's single policy, face value $1,888, do not appear in the record. (Counsel indicated in argument that the cash values are insignificant.) The husband was ordered to keep his medi-

cal insurance coverage in force for the benefit of the children.

The defendant wife appeals from that portion of the decree relating to the property award and to the payments for child support.

The wife contends the trial court committed an abuse of discretion in several particulars. She maintains that the community property was inequitably divided because she received most of the depreciable assets and the plaintiff husband received, except for an automobile, liquid assets. She argues that the family home is badly in need of repair and that the court not only overvalued it in its present condition but failed to allow her sufficient funds for the purpose of making necessary repairs. Further, she argues that the court failed to provide adequately for the future support and education of the four minor children, because it did not require the husband to name the children, during their minority, as beneficiaries under his life insurance policies; and that the court should have created a trust for the children's education. Finally, she claims that she should have been awarded a greater amount to defray her attorney's fee.

■ We have many times stated that this court will not interfere with a trial court's disposition of property in a divorce action unless we are persuaded that a manifest abuse of discretion has taken place. *Lucker v. Lucker*, 71 Wn.2d 165, 426 P.2d 981 (1967); *Morris v. Morris*, 69 Wn.2d 506, 419 P.2d 129 (1966); *Mumm v. Mumm*, 63 Wn.2d 349, 387 P.2d 547 (1963); *Kolbe v. Kolbe*, 50 Wash. 298, 97 Pac. 236 (1908). If we discover an inequity amounting to an abuse of discretion we will act to correct it. *Lucker v. Lucker, supra; Stacy v. Stacy*, 68 Wn.2d 573, 414 P.2d 791 (1966); *Dickison v. Dickison*, 65 Wn.2d 585, 399 P.2d 5 (1965).

The question is not whether we agree with the trial court's conclusions. It is whether an abuse of discretion is present, and, in order to answer that question, we must examine all the facts of the case.

In the very nature of things, no two divorce actions present exactly the same issues, and each case must therefore be determined upon the basis of its own particular facts and circumstances. (Citations omitted.) *Holm v. Holm,* 27 Wn.2d 456, 463, 178 P. 2d 725 (1947).

The defendant first contends that the trial court should have awarded her a greater proportion of the liquid assets of the community. We note that she received more than an equal share of the total property and that the bulk of this share comprised the family home and a car. Since she was given custody of the children, it was appropriate that she should have the family home. The value of the home and its furnishings, combined with the value of the car, approximate one-half of the total value of the parties' property. The defendant was awarded cash in addition, a sum of $2,351.51. The division of the property, under the circumstances, impresses us as being reasonable and fair.

The defendant next contends that the trial court should have allowed her a further sum for the purpose of repairing the house. The trial court thought that the cost of necessary repairs was no more than $1,000, and this conclusion finds support in the record. The court considered that these costs could be met from the cash awarded to her. We do not find an abuse of discretion in this determination by the court.

■ The defendant claims that the decree failed to make adequate provision for the support and future education of the Clark children. She asserts that the sum of $115 per child is too small and asks instead for $125. In fixing the amount to be devoted to child support, the court must take into account, in addition to the needs of the child, the parent's resources and earning capacity. Walter Clark's take-home pay, as found by the trial court, is $850 per month. The decree requires him to pay $460 of that amount toward the support of his children. We think that, under the circumstances present here, the figure set by the trial court was equitable.

■ The defendant insists, however, that the children are entitled to have their college education paid for and

that a trust should have been impressed on the parties' property for that purpose. She relies on *Abel v. Abel,* 47 Wn.2d 816, 289 P.2d 724 (1955) and *Bryant v. Bryant,* 68 Wn.2d 97, 411 P. 2d 428 (1966). These cases stand for the proposition that the court may create a trust for the benefit of the children in a divorce action, but they do not support the defendant's contention here, that the court must do so. Whether an educational trust is necessary depends on the court's estimation of the parties' responsibility to their children, the amount of the parties' assets available, and upon the peculiar facts of each case. We are satisfied that the trial court did not abuse its discretion in refusing to establish a trust for the education of the children in this case.

The defendant also contends that the court should have ordered the plaintiff to maintain the children as beneficiaries of his life insurance policies. Such a provision is again a matter within the discretion of the trial court and we find that this discretion was not abused in this instance.

■ The defendant contends the allowance for the award of $500 in attorney's fee was inadequate. As we said in *Vernon v. Vernon,* 58 Wn.2d 499, 500, 364 P.2d 429 (1961):

> The awarding of suit money and attorney's fee are matters within the sound discretion of the trial court, and its determination will not be reversed on appeal unless untenable or manifestly unreasonable.

It was disclosed, in oral argument before this court, that an additional sum of $250 was allowed for temporary attorney's fee. Considering the assets of the parties, and that the trial occupied less than 2 days, we do not consider an award totaling $750 for attorney's fee to be untenable or manifestly unreasonable.

■ The defendant finally contends that the trial court should have recognized an alleged debt owed by the community to defendant's mother, and that the court incorrectly determined the present value of the Clark home. Both of these matters present questions of fact. The testimony and other evidence concerning the existence of the debt and the

value of the house is conflicting. There was substantial evidence to support the trial court's finding, which we will not disturb. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

The judgment is affirmed.

FINLEY, C. J., HAMILTON and NEILL, JJ., and OTT, J. Pro Tem., concur.

---

December 22, 1967. Petition for rehearing denied.