IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Marriage of: | ) | No. 40072-7-III |
| | ) | |
| NICOLE KNOPP, | ) | |
| | ) | |
| Respondent, | ) | UNPUBLISHED OPINION |
| | ) | |
| v. | ) | |
| | ) | |
| RANDALL KNOPP, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — In an appeal from a property division and dissolution decree, husband Randall Knopp challenges (1) the timing of the valuation of the family residence, (2) the refusal of the dissolution court to award him credit, as his separate property, for a $20,000 down payment for the house, and (3) an order to reimburse wife Nicole Knopp for the children's medical and activity expenses. We affirm because the dissolution court did not breach its discretion in any of its rulings.

FACTS

Nicole and Randall Knopp wed on October 5, 2002. The parties bore twins, a girl and a boy. Nicole and Randall purchased a home in 2005 for $220,000. According to Randall, the couple used $20,000 he garnered from selling a residence he owned before the marriage.

On July 8, 2017, Nicole and Randall separated. Randall continued to occupy the family home.

During trial, Randall testified to a home value of $268,000 and a mortgage balance of $153,732 on July 13, 2017, the approximate date of the couple's separation. Thus, on that date, the home held $114,268 in equity. Randall agreed that the amount of the mortgage on the parties' home at the time of trial was $114,000.

In 2018, Randall Knopp performed improvements at the marital residence that included adding electrical plates and switches, a new toilet, a ceiling fan in the downstairs room, and storage room shelving. The cost of these improvements totaled $451.94. In 2020, Randall installed new flooring at a cost of $4,374.85. In 2021, Randall added a new roof, remodeled the fireplace, added carpet to the downstairs room, replaced the carpet in the upstairs bedroom, ensconced a new water heater, and installed flooring for the bathroom, all for a cost of $12,539. In 2022, Randall installed a new vanity top backsplash, laid a new carpet and pad for the master bedroom, painted the master bedroom, and added window coverings for a cost of $5,559.03. In 2023, Randall bought a new refrigerator and added decking in the back of the residence for a total of $5,376.27. Randall testified at trial that the value of his labor in improving the residence since separation from Nicole equaled $40,000.

At trial, real estate appraiser Jay Balkenbush testified to the valuation of $438,000, on September 7, 2022, of the family residence. With a mortgage of $114,000, the equity in the family residence as of September 2022, was $324,000. In his appeal brief, Randall Knopp wrote that Balkenbush recognized the home updates and remodeling Randall performed. Randall cites no page in the record, however, for this assertion. Regardless, Randall does not contend Balkenbush testified to what extent, if any, the home's value increased because of the improvements. Balkenbush testified to increases in home values in the Spokane area of up to 50 percent between 2017 and 2022.

## PROCEDURE

Nicole Knopp filed a petition for dissolution of the parties' marriage on December 5, 2017. The proceedings lasted nearly six years.

Before trial on the property division and child support, the trial court entered a parenting plan in August of 2020. The plan awarded both parties joint decision-making authority over the children's education, non-emergency medical expenses, and extracurricular activities. Under the plan, Randall Knopp could not veto historic activities of the children, but Nicole Knopp needed to notify him of the activities.

Toward the end of April 2023, the parties filed a domestic trial joint management report. The report, signed by Randall Knopp, listed the marital home as solely

community property.  In a trial brief, Randall did not ask the dissolution court to rule that part of the family residence was his separate property.

Trial began as scheduled on May 10, 2023.  Jay Balkenbush, Nicole Knopp, and Randall Knopp testified.

During trial, Nicole Knopp's counsel questioned Randall Knopp about whether he possessed any documents confirming that the couple used, as a down payment on the marital home, $20,000 of the proceeds from the sale of a home he purchased before the marriage.  Randall replied "no."  Report of Proceedings (RP) at 185.  Randall also conceded he never informed Nicole he would seek reimbursement for the down payment in the future if their relationship ended.  Nicole testified that Randall paid $20,000 toward the purchase of the home.  Nicole did not state that the payment came from Randall's separate property or that the parties agreed Randall would be reimbursed for that payment in the event of a divorce.

At the close of trial, the dissolution court awarded Nicole Knopp an equalization payment of $235,292.27.  In doing so, the court adopted the equity in the residence as of the date of trial.  The court adopted this date because Randall enjoyed exclusive control of the residence since separation.  The court also observed that Nicole waited over five years before obtaining her equity in the home.

The dissolution court denied reimbursement to Randall Knopp of any amount employed to pay the down payment on the residence. The court ordered Randall to pay Nicole Knopp $13,725 to reimburse her for medical and activity expenses incurred for the children.

The dissolution court entered the following findings of fact:

> 12. Both parties designated the home as community property in the pretrial management report without reservations. The evidence does not sufficiently establish any separate property interest either by proof or actual contribution. Nor does the evidence support the contention that either party intended to receive any right to reimbursement. Contributions made, if any, were a gift to the community.
> . . . .
> 23. The court finds it equitable and appropriate for the court to value the home at its present value due to the appreciation. It is also appropriate to use the present mortgage balance ($114,000) in determining the equity in the home.
> 24. The court finds that the equity in the home is equivalent to $438,000 less the mortgage of $114,000, which is $324,000.
> 25. Ms. Knopp is awarded 1/2 of the equity which is $162,000.
> . . . .
> 42. Ms. Knopp incurred $13,476 in medical expenses for the child [the son]. Mr. Knopp should reimburse Ms. Knopp in an equitable amount which the court determines to be $6,738 . . . Judgment shall issue through the child support order.
> 43. Ms. Knopp incurred $13,974 in medical and activity expenses for the child [the daughter]. Mr. Knopp should reimburse Ms. Knopp in an equitable amount which the court determines to be $6,987 . . . Judgment shall issue through the child support order.

Clerk's Papers (CP) at 259-62.

LAW AND ANALYSIS

On appeal, Randall Knopp asserts three primary contentions. First, the dissolution court erred when valuing the couple's residence at the date of the trial rather than the date of separation. Second, the court erred when failing to grant him a credit of $20,000 for his separate property being used for a down payment on the residence. Third, the court erred when requiring him to reimburse Nicole Knopp for medical and activity expenses of the children since Nicole failed to ask his consent in advance. Randall assigns error to numerous findings of fact on which the dissolution court, in part, based the three challenged rulings. We need not identify or analyze those findings to render rulings.

Date of Home Valuation

Randall Knopp assigns error to the dissolution court adopting the value of the family home and mortgage on the date of trial, rather than the date of separation five years earlier. In turn, according to Randall, the court inflated the equalization payment to Nicole Knopp because, with the passage of five years, the value of the home increased and the amount of the mortgage debt decreased. Under Randall's testimony, the residence possessed equity of $115,268 in July 2017. Equity reached $324,000 by September 2022, an increase of $208,732. The dissolution court awarded Nicole an equalization payment of $162,000.

We must decide whether the dissolution court must value real property as of the date of separation, the date of trial, some other date, or whether the court possesses discretion as to the date of valuation. The Supreme Court answered this question in *Lucker v. Lucker*, 71 Wn.2d 165, 426 P.2d 981 (1967). Dissolution statutes grant trial courts broad discretion to pick an evaluation date that is equitable. *Lucker v. Lucker*, 71 Wn.2d 165, 167-68 (1967). A trial court abuses discretion when it renders a manifestly unreasonable decision or a decision based on untenable grounds. *In re Marriage of Katare*, 175 Wn.2d 23, 35, 283 P.3d 546 (2012).

In *Koher v. Morgan*, 93 Wn. App. 398, 968 P.2d 920 (1998), Dennis Koher assigned error to the trial court's valuing of the couple's assets at the time of trial, rather than the time of separation. The parties never married but engaged in a meretricious relationship. Koher deemed a valuation at the time of trial unfair because the parties never married and the value of the assets increased after separation. We do not concern ourselves with Koher's first contention.

In *Koher v. Morgan*, the parties' assets primarily consisted of a sand and gravel business and a real estate parcel. Dennis Koher contended that he deserved the increase in value of the business after separation because he possessed and operated the business during this time. His management of the business increased its value. Nonetheless, the trial court concluded, and this court affirmed, that, since the business belonged to the

relationship, the increase belonged to the relationship with Mary Morgan. Morgan should also benefit from the increase in value.

Dennis Koher next argued that he substantially improved the real estate after the couple separated. Koher purchased the property for $175,000 two months before the parties separated. At trial, the court determined that the property was worth $345,000. Koher claimed entitlement to the increase in value attributable to improvements on the property, which an appraiser testified was $120,000. The trial court awarded Koher the right to reimbursement for the cost of his post-separation improvements but did not award him the property's increase in value. The court reasoned that Koher had already benefitted from his work because he and his son occupied the property for two years after separation and before trial.

Randall Knopp contends the dissolution court abused its discretion for many reasons when the court valued the residence at the time of trial. First, Nicole Knopp wanted Randall to receive the residence. Second, the court's observation that Nicole needed to wait five years to recover her equity did not justify the court's decision because Nicole could have asked for an earlier trial. Third, Randall solely paid the mortgage for five years. Fourth, Randall alone performed remodeling and did not ask for any reimbursement of those expenditures.

The dissolution court could have adopted the arguments of Randall Knopp and established a valuation date as early as separation. But the court's rejection of these arguments does not conversely equate to the court abusing its discretion. As established by *Koher v. Morgan*, the trial court should deem Nicole Knopp as co-owner during the time of the property's increase in value. Randall already benefitted from the increase in value and his improvements because he lived in the home for five years. Nicole's desire for Randall to retain the residence does not preclude a desire to receive half of the equity in the home at the time of trial. Randall could have asked for an earlier trial date in order to limit the increase in the value of the residence before the trial court's ruling.

In *Koher v. Morgan*, the dissolution court awarded Dennis Koher reimbursement for some of the improvements he made to the couple's real property after separation. As Randall Knopp concedes in his appeal brief, he never requested reimbursement for his improvements to the marital abode.

Down Payment on Residence

Randall Knopp argues the trial court abused its discretion in failing to find that he paid $20,000 of his separate property towards the down payment of the marital community home and in failing to award him a credit in that amount. We hold that Randall waived this contention.

Randall Knopp never requested a $20,000 separate property interest in the home either during trial or in his trial brief. His trial management report characterized the family residence as entirely a community asset. During trial, Randall provided no documents of his $20,000 payment or any agreement with Nicole Knopp to keep his contribution separate.

When a party fails to raise a claim before the dissolution court, he waives the claim for purposes of appeal. *State v. Robinson*, 171 Wn. 2d 292, 304, 253 P.3d 84 (2011); RAP 2.5(a). Thus, we decline to review this assignment of error.

Reimbursement of Medical Expenses

Nicole Knopp incurred $13,476 in medical expenses for the son and $13,974 in medical and activity expenses for the daughter. The dissolution court ordered Randall Knopp to reimburse Nicole for half this amount. Randall complains about this order because he received no advance notice of the expenses. He emphasizes that the 2020 final parenting plan ordered that the parties engage in joint decision-making for the children's education, non-emergency healthcare, and extracurricular activities. Randall insists that the dissolution court should have fashioned a remedy for the violation of the parenting plan by Nicole and that remedy should have been releasing him from an obligation to pay for half of the expenses.

10

No. 40072-7-III
*In re the Marriage of Knopp*

We note that the parenting plan did not excuse Randall Knopp from reimbursing Nicole Knopp if Nicole did not involve Randall in decision making. Randall does not claim the activities or any of the medical care were not needed or that any of the expenses were unreasonable. He does not argue that he would have reasonably declined to give consent if he had advance notice.

This court reviews a trial court's child support decision for an abuse of discretion. A trial court has the discretion to set the amount of child support. *In re Marriage of Fiorito*, 112 Wn. App. 657, 664, 50 P.3d 298 (2002). A court's decision is manifestly unreasonable if outside the range of acceptable choices, given the facts and the applicable legal standard. *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997). The dissolution court did not abuse its discretion when ordering the reimbursement of the children's expenses.

## CONCLUSION

We affirm all rulings of the dissolution court.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

11

No. 40072-7-III
*In re the Marriage of Knopp*


WE CONCUR:


_____
Cooney, J.


_____
Staab, A.C.J.